**Harold Leo LeBLANC, Jr., Relator,**

**v.**

**Larry GIST, Judge Criminal District Court, Jefferson County et al., Respondents.**

No. 62119.

Court of Criminal Appeals of Texas, En Banc.

Jan. 9, 1980.

Rehearing Denied Sept. 10, 1980.

Joseph C. Hawthorn, Beaumont, for relator.

James S. McGrath, Dist. Atty. and Ronald Sievert, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an original application for writ of prohibition with the relator seeking to invoke our jurisdiction under Article V, § 5, Texas Constitution, to issue such a writ in criminal law matters.

Relator seeks to prohibit the respondents, Honorable Larry Gist, Judge of the Criminal District Court of Jefferson County, and the Criminal District Attorney, Honorable James McGrath, from prosecuting him for capital murder, murder, or any other offense growing out of the transaction occurring on February 26, 1975. In support of

his application the relator submits an agreed statement of facts by the parties and calls attention to our opinion in *Ex parte LeBlanc*, 577 S.W.2d 731 (Tex.Cr.App. 1979).

The *LeBlanc* opinion concerned a habeas corpus proceeding where the district court denied relief and LeBlanc appealed. On appeal this court held that where a juvenile has been transferred to district court for trial as an adult under V.T.C.A., Family Code, § 54.02, the subsequent action of the district court in discharging the juvenile after an examining trial because the State failed to establish probable cause that the juvenile had committed the alleged offenses operated to terminate the adult criminal proceedings against the juvenile and to effectively remand the juvenile to the jurisdiction of the juvenile court.[1] This court held that an indictment later returned against the juvenile LeBlanc by the grand jury was void.

The opinion and the agreed statement of facts further reflect that in addition to the facts above described that prior to the return of the indictment against LeBlanc on April 1, 1976, a petition was filed in the Juvenile Court of Orange County alleging appellant had engaged in delinquent conduct by committing the offense of forgery on February 12, 1976. On March 2, 1976, the Juvenile Court of Orange County found the allegations in the petition true and committed LeBlanc to the Texas Youth Council. At the time of the finding, the offenses of capital murder and murder allegedly occurring in Jefferson County were within the knowledge of the Orange County Juvenile Court. See V.T.C.A., Family Code, § 54.-02(g).

The agreed statement of facts also shows that following reversal by this court and upon remand of LeBlanc to the juvenile court, the 60th District Court of Jefferson County, sitting as the Juvenile Court, upon a motion of the District Attorney, conducted a hearing on May 22, 1979 and then

---

1. A docket sheet entry in the district court reflected the court found no probable cause based on the proof offered and discharged Le-Blanc from the custody, but refused to return jurisdiction of the cause to juvenile court pending action by the grand jury.

transferred the relator LeBlanc to the Criminal District Court of the County for trial as an adult on the identical charges of capital murder and murder alleged to have occurred on or about February 26, 1976. On the same date the Criminal District Court assumed jurisdiction and committed the relator to jail in lieu of $50,000.00 bail.

On June 14, 1979, the State offered to present evidence at a new examining trial after the re–certification, but the relator objected. These proceedings followed, obviously a test case, as the earlier habeas corpus proceedings may well have been.

 A writ of prohibition is that process by which a superior court prevents inferior courts, tribunals, officers, or persons from usurping or exercising jurisdiction with which they have not been vested. *State ex rel. Vance v. Clawson*, 465 S.W.2d 164 (Tex.Cr.App.1971), cert. den. 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182; 73 C.J.S., Prohibition § 1, p. 9. The writ of prohibition issues to prevent the commission of a future act and not to undo, nullify, or review an act already performed. It will not be granted when the act sought to be prevented is already accomplished but will be when such act is not a full, complete and accomplished act. *State ex rel. Vance v. Clawson*, supra; *State ex rel. Smith v. Blackwell*, 500 S.W.2d 97 (Tex.Cr.App.1973); 73 C.J.S. Prohibition § 10c, p. 30.

 While formerly the Court of Criminal Appeals was limited by constitutional provision to issuing the writ of prohibition in those cases where it was necessary to do so to enforce this court's jurisdiction, *State ex rel. Smith v. Blackwell*, supra, and cases there cited, the constitution (Article V, § 5) was amended in 1977 and the only limita-

tion now to issuing a writ of prohibition is that the subject matter be a criminal law matter.

 In the instant case, the relator has been once again re–certified to the district court for trial as an adult on criminal charges, and the district court has assumed jurisdiction. We conclude a criminal law matter is here involved. When the State attempted to offer evidence at a new examining trial, the relator objected, and these proceedings followed. It would appear from this record that the act which relator seeks to prohibit has not been accomplished, and the district court is withholding any action on the pending examining trial until a decision is reached in this case. We conclude that this court has jurisdiction over the matter presented.

In *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977), it was held that an indictment returned against a juvenile after discretionary transfer from juvenile court is void if the district court to which transfer is made fails to conduct an examining trial prior to the return of an indictment in accordance with V.T.C.A., Family Code, § 54.02.[2]

The *Menefee* decision reviewed all the current and former statutes dealing with discretionary transfer and set forth certain subsections of said § 54.02 as follows:

"(g) If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the proceedings.

2. The right to an examining trial can be waived by a juvenile who has been certified to district court, but such waiver must be in accordance with V.T.C.A., Family Code, § 51.09(a). *Criss v. State*, 563 S.W.2d 942 (Tex.Cr.App.1978). Absent such a waiver there must be an examining trial or the indictment is void. *Menefee* has been followed in a number of cases. See *White v. State*, 576 S.W.2d 843 (Tex.Cr.App. 1979); *Jones v. State*, 576 S.W.2d 853 (Tex.Cr. App.1979); *Ex parte Hunter*, 577 S.W.2d 496 (Tex.Cr.App.1979); *Ex parte Chatman*, 577

S.W.2d 734 (Tex.Cr.App.1979); *Ex parte Rodriguez*, 578 S.W.2d 750 (Tex.Cr.App.1979); *Ex parte Rogers*, 578 S.W.2d 752 (Tex.Cr.App. 1979); *Ex parte Bittick*, 579 S.W.2d 12 (Tex.Cr. App.1979); *Ex parte Clark*, 579 S.W.2d 11 (Tex.Cr.App.1979); *Ex parte Ytuarte*, 579 S.W.2d 210 (Tex.Cr.App.1979); *Ex parte Juarez*, 579 S.W.2d 211 (Tex.Cr.App.1979); *Ex parte Gloston*, 579 S.W.2d 212 (Tex.Cr.App. 1979); *Simonton v. State*, 586 S.W.2d 528 (Tex. Cr.App.1979); *Watson v. State*, 587 S.W.2d 161 (Tex.Cr.App.1979).

"(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court from criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court.

"(i) If the child's case is brought to the attention of the grand jury and the grand jury does not indict for the offense charged in the complaint forwarded by the juvenile court, the district court or criminal district court shall certify the grand jury's failure to indict to the juvenile court. On receipt of the certification, the juvenile court may resume jurisdiction of the case."

Referring to statutes, past and present, the *Menefee* opinion stated:

"It is clear from these enactments that the legislative intent has been that a three step procedure be followed before a juvenile, sixteen and later fifteen years old or older, is tried in district court as an adult. At each step safeguards were provided. If the juvenile court decides to retain jurisdiction at the hearing to determine if the court should waive jurisdiction and certify the juvenile for criminal proceedings, that ends the matter with regard to certification. The juvenile then will be handled as a juvenile. If there had been certification and the district court, following an examining trial, decides to remand the juvenile to juvenile court, then the juvenile will not be tried as an adult but will be subject to the jurisdiction of the juvenile court. If the juvenile, after an examining trial in district court, is bound over for action by the grand jury and the grand jury does not indict, the district court certified such failure to indict to the juvenile court and the jurisdiction of the case is resumed by the juvenile court. Thus, at any of the three steps if there is a decision not to prosecute the juvenile as an adult, then the juvenile will not be so prosecuted.

"While there have been changes in the language in the various enactments, the purpose and basic procedure has remained the same."

Referring to the right of the transferred juvenile to an examining trial, *Menefee* also stated:

" . . . It is a valuable right, for it furnishes another opportunity to have criminal proceedings against the juvenile terminated and the jurisdiction of the juvenile court resumed.

"The examining trial before the district court clearly appears to be the second vital step in determining whether a juvenile should be tried as an adult. While various enactments set out above indicate the language has been changed from the 1965 enactment until the present statute, the essence of the three step procedure has remained the same."

Thus, *Menefee* made clear that any indictment returned against a certified juvenile without according him an examining trial was void. It further pointed up the fact that an examining trial was a second vital step in the process and afforded the certified juvenile another opportunity to have the adult criminal proceedings against him terminated and the jurisdiction of the juvenile court resumed. If this was not made clear by *Menefee*, it was well established by *Ex parte LeBlanc*, supra. LeBlanc, unlike Menefee, was afforded an examining trial but the State was unable to show probable cause. The district court discharged LeBlanc to await the action of the grand jury. There was no remand to the juvenile court. In holding the subsequent indictment void, this court in *LeBlanc* said:

" . . . Here the State faltered at the second vital step when the court discharged appellant at the examining trial. We find that such action terminated the criminal proceedings against appellant

and effectively remanded appellant to the jurisdiction of the juvenile court. To do otherwise would render the examining trial a meaningless sham because the State could simply refuse to put on any evidence and then take the juvenile before the grand jury, thus depriving the juvenile of the valuable right of a meaningful examining trial as provided by the Legislature in V.T.C.A., Family Code, § 54.02." See *Ex parte Spencer*, 579 S.W.2d 242 (Tex.Cr.App.1979).

*LeBlanc* made clear a certified juvenile should have been remanded to the jurisdiction of the juvenile court after the examining trial where no probable cause was shown. After our decision in *LeBlanc* that the subsequent indictment was void, jurisdiction was returned to the juvenile court. The juvenile court then re–certified Le-Blanc to the district court.

■ We conclude that once the district court, after conducting an examining trial, found no probable cause on the first certification the cause was in effect remanded to the juvenile court and thereafter that court was barred from again certifying the juvenile for trial as an adult on that particular charge.

To hold otherwise would mean that each time a certified juvenile is remanded to the juvenile court after an examining trial in district court or by the refusal of a grand jury to indict, the juvenile court could continue to re–certify, any number of times, to perhaps another district court, hoping that another district court and another grand jury may react differently than the original ones. If this was permissible, how many times would re–certification be permitted? How many times must a once certified juvenile run the gauntlet? We hold that once a certified juvenile's case has been remanded to the juvenile court there can be no re–certification.

Completely independent of the above holding, we observe that even prior to the return of the indictment discussed in *Le-Blanc* the Orange County juvenile court had declared LeBlanc a delinquent juvenile on the basis of a forgery charge and committed him to the Texas Youth Council and that at the time the said juvenile court had within its knowledge the alleged capital murder and murder of February 26, 1975, here involved. It would appear that under V.T.C.A., Family Code, § 54.02(g), that since the juvenile court of Orange County retained jurisdiction of LeBlanc on the forgery charge and had within its knowledge the said capital murder and murder charges, LeBlanc could not be prosecuted as an "adult." In view of our holding above, we need not consider this contention.

The writ of prohibition as prayed for is granted.

It is so Ordered.

DOUGLAS, TOM G. DAVIS and DAL-LY, JJ., dissent.

## OPINION DISSENTING TO THE OVER-RULING OF THE MOTION FOR REHEARING WITHOUT WRITTEN OPINION

DALLY, Judge.

The Court, on its own motion, filed and set this matter for rehearing to further consider its original disposition of the case. The majority now overrules the Motion for Rehearing without written opinion.

The same issues are presented here as were presented in *Ex parte Solete*, 603 S.W.2d 853 (Tex.Cr.App.1980; Opinion dissenting to the overruling of the Motion for Rehearing without written opinion filed this day), and I dissent to the overruling of the Motion for Rehearing in this case for the same reasons I did in *Ex parte Solete*, supra.

DOUGLAS, TOM G. DAVIS and W. C. DAVIS, JJ., join in this dissent.