**Brigido Melchor REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0546–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 18, 1982.

David Bires, Houston, for appellant.

Bill Willms, Houston, for appellee.

EVANS, C. J., and DOYLE and STILLEY, JJ.

EVANS, Chief Justice.

The appellant, a juvenile, was charged in a delinquency petition with attempted murder. The State filed a motion in the juvenile court, asking the juvenile court to waive jurisdiction and to transfer the appellant to the district court for trial as an adult. After a hearing on the State's motion, the juvenile court refused to waive jurisdiction, finding the evidence against the appellant to be insufficient. The State

timely filed a motion for rehearing which the juvenile court granted, and after a second hearing, the juvenile court waived jurisdiction and ordered the case transferred to the criminal district court. Thereafter, the appellant was indicted, tried, and convicted of attempted murder, and the jury assessed his punishment at twenty years imprisonment.

In three grounds of error, the appellant contends that the juvenile court did not have the power to grant a rehearing and to waive its jurisdiction after it had initially determined it would retain jurisdiction, that the district court erred in overruling his motion objecting to the transfer, and that the case was not properly before the grand jury, rendering his indictment void.

Tex.Fam.Code Ann. § 54.02(g) provides:

If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the proceedings.

It is the appellant's basic contention that because of this statute, once the juvenile court considered and denied the State's motion to waive jurisdiction, it could not reconsider its decision and subsequently relinquish its jurisdiction over the case. The appellant cites several cases explaining the three step procedure necessary to certify a juvenile for trial as an adult.

In *Ex Parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977), it was held that after a juvenile court waives jurisdiction, an examining trial is required by Tex.Fam.Code Ann. § 54.02(h) before an indictment may be returned by a grand jury. In its opinion, the court outlined the necessary steps to certify a juvenile for criminal proceedings:

It is clear from these enactments that the legislative intent has been that a three step procedure be followed before a juvenile, sixteen and later fifteen years old or older, is tried in district court as an adult. At each step safeguards were provided. If the juvenile court decides to

retain jurisdiction at the hearing to determine if the court should waive jurisdiction and certify the juvenile for criminal proceedings, that ends the matter with regard to certification. The juvenile then will be handled as a juvenile. If there has been certification and the district court, following an examining trial, decides to remand the juvenile to juvenile court, then the juvenile will not be tried as an adult but will be subject to the jurisdiction of the juvenile court. If the juvenile, after an examining trial in district court, is bound over for action by the grand jury and the grand jury does not indict, the district court certifies such failure to indict to the juvenile court and the jurisdiction of the case is resumed by the juvenile court. Thus, at any of the three steps if there is a decision not to prosecute the juvenile as an adult, then the juvenile will not be so prosecuted. (emphasis ours)

561 S.W.2d 822, 828. The appellant argues that the underlined language in this statement is dispositive of the case at bar, because the juvenile court originally decided to retain jurisdiction.

In *Ex Parte LeBlanc*, 577 S.W.2d 731 (Tex.Cr.App.1979), the trial court found no probable cause at the examining trial and discharged the defendant, and the State subsequently presented the matter to a grand jury, which returned an indictment against the defendant. The Court of Criminal Appeals held that the trial court's action discharging the defendant had effectively destroyed its own jurisdiction over the case, and that jurisdiction had passed back to the juvenile court, so that the subsequent indictment was void. Referring to the three-step process outlined in *Menefee*, the court said:

Here the State faltered at the second vital step when the court discharged appellant at the examining trial. We find that such action terminated the criminal proceedings against appellant and effectively remanded appellant to the jurisdiction of the juvenile court. To hold otherwise would render the examining trial a meaningless sham because the State could simply refuse to put on any evidence and then take the juvenile before the grand jury, thus depriving the juvenile of the valuable right of a meaningful examining trial as provided by the legislature in V.T.C.A., Family Code, § 54.02.

577 S.W.2d 731, 733. In the case at bar, the appellant argues that whenever a determination is made *anywhere* throughout the process that the juvenile should *not* be tried as an adult, the process stops, and the juvenile court may not thereafter waive its jurisdiction.

The appellant also relies upon *LeBlanc v. Gist*, 603 S.W.2d 841 (Tex.Cr.App.1980), wherein the court concluded:

. . . once the district court, after conducting an examining trial, found no probable cause on the first certification, the cause was in effect remanded to the juvenile court and thereafter that court was barred from again certifying the juvenile for trial as an adult on that particular charge.

To hold otherwise would mean that each time a certified juvenile is remanded to the juvenile court after an examining trial in district court or by the refusal of a grand jury to indict, the juvenile court could continue to re-certify, any number of times, to perhaps another district court, hoping that another district court and another grand jury may react differently than the the the original ones. If this was permissible, how many times must a once certified juvenile run the guantlet? We hold that once a certified juvenile's case has been remanded to the juvenile court there can be no recertification.

603 S.W.2d 841, 845.

The facts of the instant case distinguish it from the cases relied upon by the appellant. In the present case the juvenile court retained jurisdiction over the case until such time as it made a *final* determination with respect to the question of certification. *R.E.M. v. State*, 532 S.W.2d 645 (Tex.Civ. App.-San Antonio 1975). Therefore, the juvenile court had continuing jurisdiction over the proceeding until such time as it

made a final determination of the certification question, or until it made an adjudication of the case on its merits. Tex.Fam. Code Ann. § 54.02(a)(2); *Q. V. v. State*, 564 S.W.2d 781 (Tex.Civ.App.-San Antonio 1978, writ ref'd n. r. e.). Under Tex.R.Civ.P. 320, the juvenile court was authorized to grant a rehearing on the State's motion to reconsider its decision. The appellant's grounds of error are overruled.

The trial court's judgment is affirmed.