**Brigido Melchor REYES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 239–82.**

Court of Criminal Appeals of Texas, en banc.

Feb. 9, 1983.

David R. Bires, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Bill Willms and Mack Arnold, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Petitioner, a juvenile, was charged in a delinquency petition with attempted murder. The State filed a motion in the juvenile court, asking it to waive jurisdiction and transfer petitioner to the district court for trial as an adult. The juvenile court, after conducting a hearing on the State's motion, apparently refused to waive jurisdiction on the basis that there was no sufficient evidence on which a grand jury would be expected to return an indictment. The State then filed a motion for rehearing which the juvenile court granted and, after a second hearing, the juvenile court waived jurisdiction, certified the juvenile for prosecution as an adult, and ordered the case transferred to district court. Subsequently, petitioner was indicted, tried, and convicted of attempted murder, and punishment assessed by the jury at twenty years' confinement.

The court of appeals overruled petitioner's contention that the juvenile court did not have the power to grant a rehearing and waive its jurisdiction after it had previously determined that it would retain jurisdiction. See *Reyes v. State*, 630 S.W.2d 798 (Tex.App.—Houston [1st Dist.] 1982). We find it unnecessary to review this holding in light of our disposition.

On appeal, mere assertions in an appellant's brief which are unsupported by the record, to which the appellant made no objections, can neither be accepted as fact nor considered on appeal. See *Beck v. State*, 573 S.W.2d 786 (Tex.Cr.App.1978); *Webb v. State*, 533 S.W.2d 780 (Tex.Cr.App.1976).

A thorough review of the record before us reveals no "final order" overruling the State's original motion to waive jurisdiction. Further, there is nothing in the record to indicate that the original hearing was closed, or that a final determination as to jurisdiction was made. Without such an order or a transcript of the hearing made a part of the record, it is impossible for this Court to determine petitioner's contention on appeal in that nothing is preserved for review.

Moreover, it is consistent with the record before us that a final determination as to jurisdiction was *not* made at the original hearing, but that such determination was made only after additional evidence was presented at the subsequent hearing.

Finally, we note that the jurisdiction of the juvenile court continues until there has been a *final* disposition of the question of waiver of jurisdiction. See *R.E.M. v. State*, 532 S.W.2d 645 (Tex.Civ.App.—San Antonio, 1975). (Opinion on Rehearing). For the foregoing reasons we overrule petitioner's contentions and affirm the judgment of the court of appeals.

CAMPBELL, J. concurs in the result.

ONION, P.J. and CLINTON and MILLER, JJ., dissent.

TEAGUE, J. not participating.