**Charles Norman JENKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–85–699–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 27, 1985.

Gerald B. Scheve, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

OPINION

PER CURIAM.

This is an appeal from a judgment denying application for writ of habeas corpus seeking the dismissal of a void indictment. TEX.CODE CRIM.PROC.ANN. art. 44.34 (Supp.1985).

The juvenile court certified appellant for criminal prosecution as an adult. Appellant waived an examining trial and the state took the case to the grand jury. The grand jury returned a no-bill and the trial court dismissed the criminal complaint. The state subsequently returned to the grand jury and obtained an indictment. The issue before the court is whether the grand jury's "no-bill" denies the trial court jurisdiction over the subsequent indictment under TEX.FAMILY CODE § 54.02(i).

In *LeBlanc v. Gist*, 603 S.W.2d 841 (Tex. Crim.App.1980), the court reaffirmed that the failure of the state to comply with the three prerequisite steps to the prosecution of a juvenile deprives, for all time, the trial court of jurisdiction to entertain the prosecution. Though there is no recorded case specifically dismissing an indictment because a prior grand jury failed to indict, there is no appreciable difference between

a failure of a grand jury to find probable cause to indict and the failure of an examining trial judge to find sufficient probable cause to bind a juvenile over to the grand jury. *See Ex parte LeBlanc*, 577 S.W.2d 731 (Tex.Crim.App.1979). The indictment is void. The trial court has no further jurisdiction other than a transfer of appellant back to juvenile court jurisdiction.

Accordingly, the judgment of the trial court is reversed, relief is granted, the indictment in Cause No. 423,735 is ordered dismissed, and the trial court is directed to transfer the cause to the juvenile court.