Jeanie McQUEEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0212–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 31, 1985.

Leonard N. Barksdale, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Timothy G. Taft, Vic Wisner, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a conviction of theft. A jury found appellant guilty and assessed punishment at seven days confinement in the county jail and a fine of $200. We affirm.

In her sole ground of error, appellant contends that she received ineffective assistance of trial counsel, because her trial counsel failed to request that a court reporter be present to prepare a record of the trial proceedings, pursuant to Tex.Code Crim.P.Ann. art. 40.09(4) (Vernon 1979). Appellant alleges that such failure has pre-

vented her from an effective appeal, because there is now no way of ascertaining what error, if any, occurred during trial.

In order for this Court to consider appellant's complaint, the record must be complete on the issue urged. *Mathews v. State,* 635 S.W.2d 532, 537 (Tex.Crim.App. 1982). If the record reveals that trial counsel did not request a court reporter pursuant to article 40.09(4), then appellant has established a predicate for review. But the appellant's allegations in her brief, which are unsupported by the record and to which appellant made no objections, cannot be considered on appeal. *Reyes v. State,* 647 S.W.2d 255, 256 (Tex.Crim.App.1983); *see Beck v. State,* 573 S.W.2d 786, 788 (Tex. Crim.App.1978).

The record is silent regarding any affirmative request by trial counsel for a court reporter to take notes of the trial proceeding. The record reveals only that the appellant's counsel on appeal filed a motion for new trial on March 1, 1985, alleging that the "evidence adduced at trial was insufficient to sustain a guilty verdict." No mention was made in that motion of trial counsel's alleged failure to request a court reporter. On March 26, 1985, appellate counsel filed a designation of materials, requesting "a transcription of the voir dire examination of the jury panel" and "a transcription of the entire Statement of Facts...." After receiving notice from the district clerk's office that the time for filing the statement of facts had expired and that the record had been completed without a statement of facts, appellate counsel did not file an objection to the appellate record, pursuant to Tex.Code Crim.P.Ann. art. 40.09(7) (Vernon Supp. 1985). Neither did appellate counsel file a formal bill of exception pursuant to art. 40.09(6), which provides in pertinent part:

(a) A party desiring to have the record disclose some action, testimony, evidence, proceeding, objection, exception or other event or occurrence not otherwise shown by the record may utilize a bill of exception for this purpose....

(b) A bill of exception shall be a necessary predicate for appellate review only if the matter complained of is not otherwise shown by the record. . . .

Under this state of the record, we cannot determine if appellant's trial counsel failed to request a court reporter at trial, as appellant alleges. This Court cannot speculate as to what actually transpired at trial. The appellant's counsel on appeal was timely retained so that a bill of exception could have been prepared and objections to the record made. Appellant has failed to bring forward any record which establishes his allegation of ineffective assistance of trial counsel. This distinguishes the case at bar from *Vicknair v. State*, 702 S.W.2d 304 (Tex.App.—Houston [1st Dist.], 1985). In *Vicknair*, appellant alleged that he received ineffective assistance of counsel on appeal and a hearing was held to consider his objections to the record on appeal. Tex.Code Crim.Pro.Ann. art. 40.09(7) (Vernon Supp.) 1985). Evidence at the hearing established facts necessary to support the claim of ineffective counsel on appeal. In the case at bar, appellant claims that he had ineffective assistance at trial, and no record whatsoever supports this claim.

We hold that the error asserted is waived. *Reyes v. State*, 647 S.W.2d 255; *Mathews v. State*, 635 S.W.2d 532; *Beck v. State*, 573 S.W.2d 786, 788; *Boutwell v. State*, 653 S.W.2d 105 (Tex.App.—Austin, 1983), *aff'd*, No. 712–83 (Tex.Crim.App., April 24, 1985) (not yet reported). Appellant's sole ground of error is overruled.

The judgment of the trial court is affirmed.