**Reginald TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-89-01043-CV.**

Court of Appeals of Texas,
Dallas.

July 10, 1990.
Rehearing Denied Sept. 28, 1990.

Larry D. Rayford, Dallas, for appellant.

Janice Warder, Kathleen A. Walsh, Dallas, for appellee.

Before ENOCH, C.J., and CARVER[1] and ASHWORTH[2], JJ.

## OPINION

ENOCH, Chief Justice.

This suit was the subject of a prior appeal in this court. The prior appeal arose from a juvenile court's waiver of exclusive jurisdiction and transfer of appellant, Reginald Turner, to criminal district court for trial as an adult on one count of robbery and two counts of sexual assault, while retaining jurisdiction of two counts of arson. *R____ T____ v. State*, 764 S.W.2d 588, 589 (Tex.App.—Dallas 1989, no writ). The juvenile court retained jurisdiction as to the arson counts because it found no probable cause to believe that appellant committed the alleged acts of arson. This Court, however, vacated the transfer order and remanded the cause to the juvenile court for

---

[1]. The Honorable Spencer Carver, Justice, retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

[2]. The Honorable Clyde R. Ashworth, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

a new trial, holding that the juvenile court, by retaining jurisdiction as to some counts, continued to retain exclusive jurisdiction as to all counts. *R——— T———,* 764 S.W.2d at 590. On remand, the juvenile court granted the State's motion for nonsuit as to the arson counts and again signed a waiver of exclusive jurisdiction transferring appellant to criminal district court to stand trial as an adult for the aggravated robbery and aggravated sexual assault offenses. Appellant raises three points of error.[3] Finding no error, we affirm.

In his first point of error, appellant alleges that the trial court erred in, again, transferring him to criminal district court on the three offenses which were the subject of the prior discretionary transfer and which were returned to the trial court by this Court's previous order. Appellant argues that once a juvenile court retains jurisdiction as to any count alleged in the certification petition, the child's status is permanently fixed as to all offenses alleged in the petition, and thus the child is not subject to criminal prosecution as an adult for any offense alleged in the petition. *Stanley v. State,* 687 S.W.2d 413, 414 (Tex.App. —Houston [14th Dist.] 1985, writ dism'd w.o.j.).

■ We agree that this is a correct proposition of law, *when a juvenile court has retained jurisdiction as to one or more offenses. See Richardson v. State,* 770 S.W.2d 797, 799 (Tex.Crim.App.1989); *Stanley,* 687 S.W.2d at 414. In *Richardson,* the Court of Criminal Appeals held:

> [W]hen a motion or petition to waive juvenile jurisdiction alleges multiple offenses, the juvenile court must either waive or retain jurisdiction as to all offenses alleged, at one time. *Absent a complete waiver,* the juvenile court retains jurisdiction over all offenses alleged in the petition, and the district

court does not obtain jurisdiction over any alleged offense.

*Richardson,* 770 S.W.2d at 799 (emphasis added).

Also we point out that the Texas Family Code provides:

> *If the juvenile court retains jurisdiction,* the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record or proceedings.

TEX.FAM.CODE ANN. § 54.02(g) (Vernon 1986) (emphasis added). However, the Texas Family Code also provides:

> *If the juvenile court waives jurisdiction,* it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and shall transfer the child to the appropriate court for criminal proceedings.

TEX.FAM.CODE ANN. § 54.02(h) (Vernon Supp.1990).

■ In our case, on remand and upon the State's motion, the juvenile court nonsuited the arson counts over which it had originally retained jurisdiction. Thereafter, when the juvenile court transferred all remaining offenses to the criminal district court, it completely waived its jurisdiction because it did not retain jurisdiction of any part of the case. We note our previous holding, "Certification orders such as this one which attempt to retain jurisdiction over some counts while transferring others are not *void* orders; they are merely *voidable,* subject to challenge until the remaining offenses not transferred in the order are dismissed by the juvenile court." *R——— T———,* 764 S.W.2d at 590–91.

■ However, appellant further argues that once the juvenile court considered and

---

**3.** At the outset, we note that during presentation of oral arguments on May 24, 1990, appellant's attorney requested to withdraw appellant's first point of error which attacked the validity of the transfer order. The oral request to withdraw point of error one was based upon the claim that the issue was moot as the criminal district court had refused jurisdiction, based upon our

holding in *R——— T———,* and transferred the cause back to the juvenile court. The only matter before us is the validity of the juvenile court's order of transfer; the criminal district court's decision to refuse the transfer does not make moot the question before this court. Consequently, we will address all three points of error.

denied the State's motion to waive jurisdiction as to the arson counts, it could not thereafter nonsuit the arson counts and subsequently relinquish its jurisdiction over the case. It is appellant's position that whenever a determination is made anywhere throughout the process that the juvenile should not be tried as an adult, the process stops, and the juvenile court may not thereafter waive its jurisdiction. We disagree.

We recognize that recertification is prohibited in situations where a *criminal district court,* after conducting an examining trial and finding no probable cause to indict, remands the case back to the juvenile court. *Ex parte Solete,* 603 S.W.2d 853, 856–57 (Tex.Crim.App.1980); *LeBlanc v. Gist,* 603 S.W.2d 841, 845 (Tex.Crim.App. 1980); *Jenkins v. State,* 700 S.W.2d 759, 760 (Tex.App.—Houston [14th Dist.] 1985, no pet.). However, we have not found case law prohibiting a juvenile court from entering a new certification order following invalidation of the original certification order by a court of appeals.

To the contrary, case law supports the juvenile court's recertification in this case. *See Reyes v. State,* 630 S.W.2d 798, 799–800 (Tex.App.—Houston [1st Dist.] 1982), *aff'd,* 647 S.W.2d 255 (Tex.Crim.App.1983). In *Reyes,* the State filed a motion in the juvenile court, asking it to waive jurisdiction and transfer the appellant to district court for trial as an adult. After conducting a hearing on the State's motion, the juvenile court refused to waive jurisdiction on the basis that there was insufficient evidence upon which a grand jury would be expected to return an indictment. The juvenile court then granted the State's motion for rehearing after which it waived jurisdiction, certified the juvenile for prosecution as an adult, and ordered the case transferred to district court. *Reyes,* 630 S.W.2d at 798. The appellate court in *Reyes* affirmed, holding that, although the juvenile court had previously considered and denied the State's motion to waive

jurisdiction, it could grant a rehearing, reconsider its decision, and subsequently relinquish jurisdiction. *Reyes,* 630 S.W.2d at 800. In *Miller v. State,* 640 S.W.2d 404, 406 (Tex.App.—San Antonio 1982), *aff'd,* 708 S.W.2d 436 (Tex.Crim.App.1984), the defendant was recertified after each one of the two reversals of the transfer order by the court of appeals. Although the Court of Criminal Appeals ultimately upheld the dismissal of the indictment on double jeopardy grounds, no statement was ever made by the court that recertification following a reversal was improper.[4]

■ We conclude that a juvenile court which originally retains jurisdiction as to any count alleged in a certification petition is not precluded from subsequently nonsuiting the count and relinquishing its jurisdiction over the case. Therefore, we hold that the juvenile court did not err in recertifying appellant. Point of error one is overruled.

■ In appellant's second point of error, he alleges that the trial court erred in proceeding with the transfer hearing when the guardian had not been given notice of the new hearing date. The record reflects that both the child and the parent were summoned by the trial court for the first certification hearing which occurred on April 22, 1988. Appellant is not claiming that this summons was insufficient to confer jurisdiction. Appellant alleges that when the second certification hearing occurred on July 13, 1989, almost fifteen months later, he and his guardian should have been served a new summons and a new copy of the State's petition.

The procedural safeguards incorporated into section 54.02 of the Texas Family Code are required to protect the rights of the child as a matter of federal constitutional law enunciated by the United States Supreme Court in *Kent v. United States,* 383 U.S. 541, 554, 86 S.Ct. 1045, 1053–54, 16 L.Ed.2d 84 (1966). *In re Honsaker,* 539

---

4. The double jeopardy issue raised in *Miller* was based upon the fact that the offenses alleged in a motion for discretionary transfer had also been alleged in a petition to adjudicate delinquency. In the instant case, the State did not file a petition to adjudicate delinquency on the offenses alleged in its Motion for Discretionary Transfer.

S.W.2d 198, 201 (Tex.Civ.App.—Dallas 1976, writ ref'd n.r.e.). This section specifies that notice shall be given as provided by section 53.06 of the Texas Family Code, which requires the juvenile court to issue summons to the child; a child's parents, guardian, or custodian; a child's guardian ad litem; and any other person who appears to be a proper, necessary party. TEX. FAM.CODE ANN. §§ 53.06(a), 54.02(k) (Vernon 1986). A basic principle of the code is that every child who appears before the juvenile court must have the assistance of some friendly, competent adult who can supply the child with support and guidance. TEX.FAM.CODE ANN. § 51.11 (Vernon 1986). Usually, one of the child's parents, or in some situations a substitute parent, will fill this need. However, if a parent or guardian is unavailable, the Code requires the appointment of a guardian ad litem. *In re Honsaker,* 539 S.W.2d at 201.

A second summons is not required when the date of a certification hearing has been reset and the original summons is sufficient to confer jurisdiction. *See Vasquez v. State,* 663 S.W.2d 16, 20 (Tex.App.—Houston [1st Dist.] 1983), *aff'd,* 739 S.W.2d 37 (Tex.Crim.App.1987); *In re R.M.,* 648 S.W.2d 406, 407 (Tex.App.—San Antonio 1983, no writ); *In re B.Y.,* 585 S.W.2d 349, 351 (Tex.Civ.App.—El Paso 1979, no writ); *B.R.D. v. State,* 575 S.W.2d 126, 129–30 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). The jurisdiction of a juvenile court continues until there has been a final disposition of the question of waiver of jurisdiction. *Reyes,* 647 S.W.2d at 255.

There is no dispute that the juvenile court acquired jurisdiction in 1988. Although fifteen months had passed since the first transfer hearing, the State was still proceeding on the same petition it proceeded on in the original certification hearing, which was filed and served upon appellant and his guardian in 1988. While two counts of the State's petition were nonsuited, no changes were made to the remaining three counts. We hold that under these circumstances, it was not necessary to reserve appellant's guardian. Moreover, if a parent or guardian is unavailable, the juvenile court may appoint a guardian ad litem to provide the child with support and guidance from a competent adult. *See In re Honsaker,* 539 S.W.2d at 201. The record shows that the juvenile court appointed appellant's attorney as guardian for purposes of the hearing. Point of error two is overruled.

■ In his third point of error, appellant alleges that the trial court erred in waiving jurisdiction and transferring the case to criminal district court because there was not a complete social evaluation and full investigation as required by the Texas Family Code. TEX.FAM.CODE ANN. § 54.02(d) (Vernon 1986).

The record reflects that prior to the original certification hearing held on May 2, 1988, the following documents had been submitted to the court: (1) a social evaluation and investigative report prepared by Lee Hodo, a probation officer; and (2) a psychological and diagnostic evaluation prepared by Dr. James McCabe, a staff psychologist. Prior to the second certification hearing held on July 13, 1989, the juvenile court issued another order for a complete diagnostic study, social evaluation, and full investigation. Pursuant to that order, Dr. McCabe submitted another psychological evaluation, and probation officer Hodo prepared and submitted a one-page addendum to the original social evaluation and investigative report. The psychological evaluation and the addendum were both dated July 11, 1989. Appellant objected that the addendum did not constitute a complete study as required by the Texas Family Code because the probation officer did not attempt to recontact family members to see if changed circumstances would make it possible for appellant to return home.

The Texas Family Code provides:

Prior to the hearing, the juvenile court shall order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense.

TEX.FAM.CODE ANN. § 54.02(d) (Vernon 1986). It is clear that the requirements of

section 54.02(d) are mandatory and must be strictly followed. *I.L. v. State,* 577 S.W.2d 375, 376 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.). However, the phrase "full investigation" is not defined in section 54.-02. "It is a matter of common knowledge that the course and scope of an investigation will vary according to the circumstances surrounding the events." *In re I.B.,* 619 S.W.2d 584, 586 (Tex.Civ.App.—Amarillo 1981, no writ). When a juvenile tests the fullness of the investigation made, the matter of completeness is one for initial determination by the court which ordered it. *In re I.B.,* 619 S.W.2d at 586.

Here, although appellant tested the fullness of the investigation made, the court found that a full investigation had been obtained. The social evaluation and investigative report submitted in April 1988 contained extensive family data and history; appellant's current living arrangements; extensive information on his attitude and behavior at school; his academic performance and capabilities; extensive background information about his employment, religion, hobbies, leisure time activity, and maturity; extensive information about appellant's six previous referrals to the Juvenile Department and seven prior arrests; extensive investigative information about the circumstances surrounding the three offenses which are the subject of the State's petition; and extensive information on appellant's behavior while he had been in juvenile detention. The addendum to the social evaluation and investigative report filed in July 1989 was prepared by the same probation officer that prepared the report filed in 1988 and contained updated information on what had happened since the case was transferred to a criminal district court in April 1988. The information contained in the addendum was based upon an interview with appellant and the information found in the district attorney's file.

Moreover, the court specifically questioned the probation officer about what else may have been done regarding this report if he had been given more time. Although Hodo said that he might have talked to appellant's guardian to see if she had made any changes in order to super-

vise appellant, he also stated that he didn't call her because in his opinion, based upon the guardian's age and previous history, no changes would have been made. Under the record before us, we hold that the court did not err in overruling appellant's objections and finding that a full investigation had been obtained. Point of error three is overruled.

The trial court's judgment is affirmed.