**Opinion issued November 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00269-CR

————————————

**SHAUN DEVILLE BRIGGS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1430016**

---

## MEMORANDUM OPINION

Shaun Briggs pleaded guilty to the first-degree felony offense of aggravated robbery with a deadly weapon. The trial court sentenced him to fifteen years' confinement. Briggs appeals, contending that he did not receive a punishment

hearing and that his attorney was ineffective for failing to request that a reporter's record be made. Finding no error, we affirm.

## Background

In August 2014, a grand jury indicted Briggs for aggravated robbery with a deadly weapon. Briggs pleaded guilty without an agreed recommendation from the State as to punishment. There is no reporter's record, and the clerk's record does not contain a presentence investigation report. The judgment recites that Briggs waived his right to a presentence investigation report and to have a court reporter record his plea. The judgment recites that the trial court received his plea, found him guilty, and certified his right to appeal, sentencing him to fifteen years' imprisonment.

## Waiver of Appeal

The trial court in this case certified Briggs's right to appeal the judgment against him. In the plea papers, however, Briggs signed a handwritten statement stating that he pleaded guilty in exchange for the State's agreement to dismiss a charge of "attempted aggravated robbery" against him. The statement refers to a different trial court cause number, but the record before us does not include further information about the nature of the charge or a copy of it.

As a preliminary matter, we consider our jurisdiction over Briggs's appeal. Texas Rule of Appellate Procedure 25.2 requires that the trial court include a

certification of the defendant's right to appeal with the record. TEX. R. APP. P. 25.2(d). In a plea bargain case, the certification must reflect that the defendant's right of appeal is limited to matters raised by written motion before trial, or grant permission to appeal other matters. TEX. R. APP. P. 25.2(a)(2), (b). In *Shankle v. State*, the Court of Criminal Appeals held that an agreement to abandon a charged offense in exchange for an open plea of guilty on another charge is a plea bargain for purposes of Rule 25.2(a)(2). 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). If, in a plea bargain case, the certification incorrectly represents that the defendant has the right to appeal, dismissal is appropriate. *Barcenas v. State*, 137 S.W.3d 865, 866 (Tex. App.—Houston [1st Dist.] 2004, no pet.). However, where the State has not argued that the certification is inconsistent with the record, an appellate court is not required to dismiss the appeal sua sponte for lack of jurisdiction. *See Menefee v. State*, 287 S.W.3d 9, 12 n.12 (Tex. Crim. App. 2009) (declining to dismiss an appeal sua sponte despite indications in the record that the trial court's certification of the defendant's right to appeal was defective).

Because nothing on the face of the record confirms the State's agreement to abandon the charge, or that the charge was abandoned, or that the trial court accepted the abandonment of the offense as part of the plea agreement, the record before us does not conclusively establish that the trial court's certification is incorrect. Neither the State nor Briggs challenges our jurisdiction over the appeal.

3

Accordingly, following *Menefee*, we address the merits of the parties' arguments. *See id.*, 287 S.W.3d at 12 n.12.

## Punishment Hearing

Noting that Article 42.03 of the Texas Code of Criminal Procedure requires that the trial court pronounce sentence in the defendant's presence, Briggs contends in his first issue that the record contains no evidence that the trial court held a punishment hearing or reviewed a pre-sentence investigation report. TEX. CODE CRIM. PROC. ANN. art. 42.03 (West 2006 & Supp. 2014) (requiring that sentence be pronounced in the defendant's presence). He further contends that there is no evidence that he was sentenced in open court. The trial court's judgment, however, recites that Briggs appeared with counsel to be sentenced and that it considered any pre-sentence investigation report. A notation on the docket sheet corresponding to the date of the judgment reads: "Delivery order issued, Texas Department of Criminal Justice." The record contains Briggs's written waiver of a record of the plea proceedings.

We uphold a trial court's recitals in a judgment absent indicia that they are erroneous. A presumption of regularity applies to all proceedings and documents in the trial court. *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000) (citing *McCloud v. State*, 527 S.W.2d 885, 887 (Tex. Crim. App. 1975)). Per this presumption of regularity, recitals in court documents such as the judgment "are

binding in the absence of direct proof of their falsity." *Breazale v. State*, 683 S.W.2d 446, 450 (Tex. Crim. App. 1984); *accord Houston v. State*, 201 S.W.3d 212, 218 (Tex. App.—Houston [14th Dist.] 2006). The defendant bears the burden of overcoming this presumption. *Ex parte Wilson*, 716 S.W.2d 953, 956 (Tex. Crim. App. 1986).

Briggs claims that the docket sheet entry for February 18, 2015 rebuts the presumption of regularity. The docket sheet is silent, however, as to whether the trial court held a punishment hearing or considered any pre-sentence investigation report. The absence of an entry in the docket sheet is not an affirmative showing that a hearing did not occur. *See id.* Because the judgment is not affirmatively contradicted by the record, we presume that it correctly reflects the events in the trial court, including that the trial court heard the parties on the matter of punishment and sentenced Briggs in open court. *See Light*, 15 S.W.3d at 107; *Breazale*, 683 S.W.2d at 450.

**Ineffective Assistance of Counsel**

In his second issue, Briggs challenges the effectiveness of trial counsel in regard to his punishment hearing. To prevail on a claim of ineffective assistance of counsel, the defendant must show that (1) his counsel's performance was deficient; and (2) a reasonable probability exists that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052,

5

2064 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The first prong of this test requires the defendant to show that counsel's performance fell below an objective standard of reasonableness, in that counsel made such serious errors that he was not functioning effectively as counsel. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Lopez*, 343 S.W.3d at 142. Thus, the defendant must prove objectively, by a preponderance of the evidence, that his counsel's representation fell below professional standards. *Lopez*, 343 S.W.3d at 142; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). The second prong requires the defendant to show a reasonable probability that, if not for counsel's errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Lopez*, 343 S.W.3d at 142. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) (citing *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986)).

Briggs contends that his attorney was ineffective for failing to request that a reporter's record be made of the punishment hearing. He asks that we find this to be ineffective assistance per se. The failure to request that a court reporter record trial proceedings, however, is not ineffective assistance of counsel per se. *Young v. State*, 425 S.W.3d 469, 473 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *Gonzales v. State*, 732 S.W.2d 67, 68 (Tex. App.—Houston [1st Dist.] 1987, no

6

pet.). Briggs waived the reporter's record as part of the plea bargain he made with the State.

Regardless whether waiver of the punishment hearing was a reasonable strategy in the context of a plea bargain without an agreed recommendation, we cannot find that Briggs has proved the second prong under *Strickland*. *See id.* Without a court reporter's record, we do not know what transpired in the trial court. *Young*, 425 S.W.3d at 473; *McQueen v. State*, 702 S.W.2d 302, 304 (Tex. App.—Houston [1st Dist.] 1985, no pet.) ("This Court cannot speculate as to what actually transpired at trial."). Because we can determine from the record neither whether the trial court erred in determining punishment nor whether Briggs was harmed by any error, we hold that Briggs has not established that his counsel rendered ineffective assistance. *Id.*

## Conclusion

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. *See* TEX. R. APP. P. 47.2(b).

7