George Vincent STANLEY, Appellant,

v.

STATE of Texas, Appellee.

No. A14–84–522CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 31, 1985.
Rehearing Denied March 21, 1985.

Mike Hernandez, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and ELLIS, JJ.

OPINION

CANNON, Justice.

This is an appeal from an order in which the juvenile court waived exclusive jurisdic-

tion and transferred the appellant to criminal district court for trial as an adult on two of three counts of aggravated robbery. We find that the juvenile court erred in transferring appellant to criminal district court, and vacate and remand.

The record reflects that on March 15, 1984, the district attorney filed a petition and motion alleging the appellant committed three separate counts of aggravated robbery and requesting the court to waive its exclusive jurisdiction and transfer appellant to criminal district court for trial as an adult. The court appointed counsel to represent the appellant and ordered a certification hearing after the completion of a diagnostic study, social evaluation and full investigation of appellant. After the hearing on June 5, 1984, the court granted the state's motion as to counts two and three, thus waiving jurisdiction and transferring appellant to criminal district court, but retained jurisdiction as to count one because the state did not present evidence on that count.

In a single point of error the appellant asserts the trial court erred in waiving jurisdiction and transferring him to criminal district court in violation of TEX.FAM. CODE ANN. § 54.02(g) (Vernon 1975). This section states that "If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition ..." Section 54.02(h) states that "If the juvenile court waives jurisdiction, it shall ... transfer the child to the appropriate court for criminal proceedings." The appellant contends that a literal reading of § 54.02(g) requires the juvenile court to retain jurisdiction over all three counts once it retains jurisdiction as to count one, thus shielding the appellant from criminal prosecution as an adult on any of the three counts.

The question presented is apparently one of first impression: May the juvenile court retain its jurisdiction over the child as to one of the offenses alleged in the certification petition while waiving jurisdiction with regard to the other alleged offenses?

While both the appellant and state make persuasive arguments, we are convinced the statute's language is clear and unambiguous and as such does not require an examination of legislative intent. We hold that once the juvenile court retains jurisdiction as to any count alleged in the certification petition, the child's status is fixed as to all offenses alleged in the petition and thus the child is not subject to criminal prosecution as an adult for any offense alleged in the petition.

The appellant's point of error is sustained. The order of the juvenile court is vacated and this cause remanded for further proceedings.