Ex parte George Vincent STANLEY.

No. 69566.

Court of Criminal Appeals of Texas,
En Banc.

Feb. 5, 1986.

Ruben Guerrero, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Karen Zellars, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

PER CURIAM.

This is an application for writ of habeas corpus pursuant to 11.07, V.A.C.C.P.

Applicant was a juvenile when the district attorney filed a motion asking that the juvenile court waive its jurisdiction and transfer applicant to district court to be tried as an adult on three counts of aggravated robbery. The juvenile court granted the motion as to two of the counts but retained jurisdiction in the third. Subsequently applicant was convicted in district court on his plea of guilty and sentenced by the trial court to five years imprisonment. This conviction was not appealed. However, pursuant to Section 56.01 of the Family Code the order in which the juvenile court waived jurisdiction and transferred applicant to the district court was appealed to the Fourteenth Court of Appeals. *Stanley v. State*, 687 S.W.2d 413 (Tex.App.— Houston [14th] 1985). The court of appeals held, based on Sec. 54.02(g) of the Family Code, that the juvenile court could not both retain jurisdiction over one count and waive jurisdiction as to the others. The court of appeals therefore vacated the order waiving jurisdiction. The Supreme Court dismissed the application for writ of error and the mandate of the court of appeals issued August 8, 1985. Applicant now seeks relief from his conviction in district court. We will grant the relief sought.

In the absence of a valid waiver of jurisdiction by the juvenile court, the district court never acquired jurisdiction over applicant. *Johnson v. State*, 551 S.W.2d 379 (Tex.Cr.App.1977); *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978).

Both the State in its response and the district court in its proposed order agree that the district court never acquired jurisdiction and the conviction was therefore void.

The relief is granted. Applicant's conviction in Cause No. 404752 from the 263rd District Court is vacated and the cause is remanded to the juvenile court.

It is so ordered.