**Kenneth RICHARDSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–85–751–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 2, 1987.

Discretionary Review Granted July 8, 1987.

Kenneth P. Mingledorff, Houston, for appellant.

John B. Holmes, Jr., Timothy G. Taft, Carl Hobbs, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

This is an appeal from a jury conviction for aggravated robbery. Appellant was sixteen years old at the time of commission of the offense and was certified to be tried as an adult by the 314th District Court. The jury assessed punishment at seventy-five years confinement in the Texas Department of Corrections. In six points of error, appellant challenges the constitutionality of Tex.Code Crim.Proc.Ann. art. 37.07, § 4 (Vernon Supp.1987) and the jurisdiction of the criminal district court. We find no error and, accordingly, affirm the judgment of the court below.

The State filed a petition in the 314th District Court alleging that appellant Kenneth Richardson committed four acts of delinquent conduct: (1) attempted capital murder of Gerald Lloyd Hudson (Hudson); (2) aggravated robbery of Hudson; (3) aggravated robbery of Sherry Norris (Norris); and (4) unauthorized use of a motor vehicle owned by Norris. Appellant was sixteen years old at the time of commission of these alleged offenses. The State also filed a Motion to Waive Jurisdiction as to each of these offenses and requested a transfer of jurisdiction to a criminal district court for trial as an adult. After a hearing on the State's motion, the trial judge entered an order waiving jurisdiction as to the following offenses: attempted capital murder of Hudson; aggravated robbery of Hudson; and unauthorized use of a motor vehicle owned by Norris. The trial judge retained jurisdiction over the offense of aggravated robbery of Norris.

Appellant was indicted in district court for the attempted capital murder and aggravated robbery of Hudson. The State abandoned the first paragraph of the indictment, which alleged attempted capital murder of Hudson, and appellant was found guilty of the offense of aggravated robbery. This appeal followed.

In point of error one, appellant argues that the order waiving jurisdiction as to the three offenses was not valid. In support of his argument, appellant relies on our case, *Stanley v. State*, 687 S.W.2d 413 (Tex.App.

—Houston [14th Dist.] 1985, no writ) (hereinafter referred to as *Stanley v. State* ), wherein we held:

> [O]nce the juvenile court retains jurisdiction as to any count alleged in the certification petition, the child's status is fixed as to all offenses alleged in the petition and thus the child is not subject to criminal prosecution as an adult for any offense alleged in the petition.

*Id.* at 414.

Here, because the juvenile court retained jurisdiction over one of the four counts alleged in the certification petition, appellant argues that the order waiving jurisdiction is invalid. Further, in the absence of a valid waiver of jurisdiction by the juvenile court, the district court does not acquire jurisdiction over the child. *Ex parte Stanley,* 703 S.W.2d 686, 686 (Tex.Crim.App. 1986). Therefore, appellant concludes, his conviction must be vacated and the cause remanded to the juvenile court.

The State, however, urges us to reconsider and vacate our holding in *Stanley v. State.* It argues that the situation presented by *Stanley v. State,* and again presented here, is a hybrid situation not covered by Tex.Fam.Code Ann. § 54.02 (Vernon 1986). More specifically, the State maintains that section 54.02 of the Family Code was written in contemplation of one offense being the subject of transfer proceedings. Thus, where a petition to transfer jurisdiction alleges multiple offenses rather than a single offense, some statutory construction of section 54.02(g) of the Family Code is necessary to determine how that section is applied in such a hybrid situation. Further, the State maintains that this court erroneously construed section 54.02(g) of the Family Code in light of Tex.Gov't Code Ann. § 311.023 (Vernon Pamphlet 1987).

◼ Upon consideration of the State's arguments concerning our opinion in *Stanley v. State,* and its application to this cause, we agree that our holding in *Stanley v. State* requires some clarification. We hold that when a motion or petition to waive jurisdiction alleges multiple offenses,

section 54.02(g) of the Family Code requires that the child's status be fixed as a juvenile as to all offenses alleged in the petition once the juvenile court retains and exercises jurisdiction over any count alleged in the certification petition. Thus the child is not subject to criminal prosecution as an adult for any offense alleged in the petition.[1]

◼ Our construction of 54.02(g) of the Family Code takes into consideration the provisions of section 311.023 of the Government Code and results in a logical application of the object to be sought by Tex.Fam.Code Ann. § 51.01 (Vernon 1986). Further, our construction does not penalize the trial court for properly exercising its discretion pursuant to section 54.02(g) of the Family Code. The trial court may still exercise its discretion in waiving jurisdiction as to any alleged offenses and in refusing to waive jurisdiction as to any alleged offenses; it is only the trial court's subsequent exercise of jurisdiction over the retained offense that renders the order waiving jurisdiction invalid. Moreover, the consequences of our construction of section 54.02(g) of the Family Code does not necessarily result in nullification of all certifications and subsequent criminal proceedings wherein jurisdiction was retained as to at least one of the offenses alleged in the certification petition. Where the exercise of the trial court's retained jurisdiction does not appear of record, we presume that said jurisdiction was not exercised and that the offense over which jurisdiction was retained, was subsequently dismissed by the trial court.

◼ Therefore, in applying our clarification of the holding in *Stanley v. State* to appellant's point of error one, we find no reversible error. Nothing appears of record to indicate that the trial court exercised jurisdiction over the retained offense of aggravated robbery of Norris. Thus, the trial court's order waiving jurisdiction as to the other three offenses is valid, and jurisdiction over appellant was acquired by the criminal district court. Point of error one is overruled.

---

**1.** We are not overruling *Stanley v. State;* we are    merely clarifying our holding in that case.

■ In points of error two through six, appellant challenges the constitutionality of Tex.Crim.Code Crim.Proc. art. 37.07, § 4 (Vernon Supp.1987), the parole instruction statute. Specifically, appellant maintains that article 37.07, section 4 is unconstitutional because it violates the separation of powers clause in that it is a legislative encroachment upon judicial powers and upon the clemency powers of the executive branch. Further, appellant argues, it is confusing and vague, is misleading, and invites the jury to speculate on matters outside its task of deciding proper punishment. Therefore, appellant maintains, because article 37.07, section 4 is unconstitutional, appellant's conviction should be reversed and the cause remanded.

Appellant asserts that because there was no objection to the charge at trial, we must view the giving of the charge containing the unconstitutional instruction as fundamental error. We need not reach appellant's contention of fundamental error because we find article 37.07 section 4 to be constitutional. *See Ruiz v. State,* 726 S.W.2d 587 (Tex.App.—Houston [14th Dist.] 1987, pet. pending); *Hardy v. State,* 722 S.W.2d 164 (Tex.App.—Houston [14th Dist.] 1986), *remanded on other grounds,* 726 S.W.2d 158 (Tex.Crim.App.1987). Points of error two through six are overruled.

The judgment of the court below is affirmed.

ROBERTSON, Justice, concurring.

I concur in the affirmance of this conviction. I would hold the order waiving jurisdiction voidable and not subject to attack for the first time in an appeal following a conviction.

Appellant had been declared a delinquent in 1983. In August 1984 he was again brought into the juvenile justice system for allegedly committing the offenses referred to in Judge Cannon's opinion.

The juvenile court hearing the transfer proceeding granted the state's motion to waive jurisdiction and transferred appellant to the district court for criminal proceedings. However, the juvenile court "retained jurisdiction on Count III." The order, signed November 2, 1984, is silent on the court's reason for retaining jurisdiction of this one offense. There was no appeal from the transfer order, nor was the evidence heard at the juvenile transfer proceeding made a part of the record in the criminal proceedings.

Appellant did not file a plea to the jurisdiction or contest the jurisdiction of the criminal court at any time prior to this appeal. Appellant presented this jurisdictional question to us in the following manner:

The record affirmatively reflects that both Appellant and his mother (his father being unknown) were served with a proper summons informing them of the hearing scheduled to consider the Third Amended Motion to Transfer Jurisdiction from the juvenile court to the criminal court for trial as an adult.... This was the proper procedure....

The record affirmatively reflects that Appellant, his mother and his counsel were present at the transfer hearing and that his counsel had had ten day's time in which to prepare for the hearing.... The Third Amended Motion to Transfer Jurisdiction complied with the mandatory requirement that the petition include the statutory elements of the alleged offense(s)....

The record also reflects that Appellant affirmatively waived his right to an examining trial after his certification and transfer to the criminal court as is required by law. (citations omitted).

He then states "This conviction must be vacated because the juvenile court cannot both retain jurisdiction over one count in a Motion to Waive Jurisdiction and waive jurisdiction over the other count," citing *Stanley v. State,* 687 S.W.2d 413 (Tex.App.—Houston [14th Dist.] 1985, no writ).

The order of the juvenile court waiving jurisdiction in this case was signed prior to this court's opinion in *Stanley.* I do not agree that the rule announced in *Stanley* applies here. The appeal in *Stanley* was from a *certification hearing,* not a criminal conviction. In *Stanley,* this court did

not hold the order void; we merely held that the juvenile court could not retain jurisdiction over one count and waive jurisdiction as to others. We, therefore, vacated the order waiving jurisdiction. The result of this court's *vacating the transfer order* was that the criminal court never acquired jurisdiction and Stanley was entitled to be discharged from the criminal conviction which the court of criminal appeals subsequently ordered. *Ex parte Stanley*, 703 S.W.2d 686 (Tex.Crim.App. 1986). This, in my opinion, is drastically different from the issue presented here.

Appellant, citing *Johnson v. State*, 551 S.W.2d 379 (Tex.Crim.App.1977); *Grayless v. State*, 567 S.W.2d 216 (Tex.Crim.App. 1978); and *Watson v. State*, 587 S.W.2d 161 (Tex.Crim.App.1979), argues that his failure to appeal from the transfer order does not preclude review by this court because the error amounts to a jurisdictional defect which can be raised at any time. However, none of those cases are on point. The record on appeal from the criminal conviction in each of those cases showed the *transfer proceedings to be void.* Here, the transfer proceeding was not void. "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.'" *Cook v. Cameron*, 40 Tex. Sup.Ct.J. 293, 295 (March 18, 1987) (*citing Browning v. Packe*, 698 S.W.2d 362, 363 (Tex.1985)). Here, there is no contention that the juvenile court lacked jurisdiction. Errors other than lack of jurisdiction render the judgement voidable and it must be attacked within the prescribed time limits. *Id.* at 295.

If a juvenile has been charged with multiple offenses and the state is seeking to have jurisdiction transferred to the criminal court, section 54.02 of the Family Code requires certain findings to be made by the juvenile court. Specifically, section 54.02(f)(3) of the Family Code requires the court to determine *from the facts* presented "whether there is evidence on which a grand jury may be expected to return an indictment." Surely this means that if no evidence concerning one of the alleged offenses is introduced before the juvenile judge, he cannot legally order a transfer of that offense to criminal court. However, if sufficient evidence has been introduced concerning the other charges is the juvenile court powerless to order certification? The statute is silent. The juvenile court does not have the authority to *dismiss* the unproven charge at that stage of the proceedings. Likewise, the juvenile court does not have the authority to order the prosecutor to dismiss that one charge. Obviously, the prosecutor should dismiss the charge to avoid a problem such as we have here. However, I cannot agree that his failure to do so renders the transfer order *void.*

I, therefore, would hold that an order of a juvenile court which waives jurisdiction as to some offenses and retains jurisdiction as to others is voidable. It is subject to being vacated on direct appeal, as this court ordered in *Stanley*. It is also subject to being set aside if a plea to the jurisdiction is filed in the criminal action. However, if in answer to that plea it is shown that the criminal charge over which the juvenile court retained jurisdiction has been dismissed, the jurisdiction of the criminal court should not be affected. On the other hand, as Judge Cannon's opinion holds, if it is shown that the juvenile court is *exercising* jurisdiction, the criminal court should sustain the plea.

I concur in the affirmance.

J. CURTISS BROWN, Chief Justice, dissenting.

I respectfully dissent.

I can discern no difference between the facts in this case and the facts in *Stanley v. State*, 687 S.W.2d 413 (Tex.App.—Houston [14th Dist.] 1985, no writ). In both cases the juvenile court retained jurisdiction over the child as to some of the offenses and waived jurisdiction as to the remaining offenses alleged in the certification petition.

Tex.Fam.Code Ann. § 52.02(g) (Vernon 1975) states that "[i]f the juvenile court retains jurisdiction, the child is not subject

to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the proceedings." I believe that the legislature has expressly prohibited the retention of jurisdiction for some of the offenses and waiver of the jurisdiction for other offenses by the juvenile court. "[O]nce the juvenile court retains jurisdiction as to any count alleged in the certification petition, the child's status is fixed as to all offenses alleged in the petition and, thus, the child is not subject to criminal prosecution as to an adult for any offense alleged in the petition." *Stanley*, 687 S.W.2d at 414.

The majority attempts to make the distinction that the juvenile court may make a partial transfer as long as the juvenile court exercises no further jurisdiction as to any offense that it retained. I disagree. Either the juvenile court transfers jurisdiction to the district court or it does not. The majority's holding would reach the anomalous result of the transfer being valid at the time of the transfer and then becoming invalid at a later time if the juvenile court later exercised jurisdiction over any of the retained offenses. If the juvenile court has transferred jurisdiction, how can it still affect the district court's jurisdiction over the offense?

In my opinion the case should be reversed.