**Ronnie James MASON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–86–890–CR, B14–86–891–CR and B14–86–892–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1988.

Gerald A. Burks, Galveston, for appellant.

Michael J. Guarino, Jim Baggett, Galveston, for appellee.

Before PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

MURPHY, Justice.

This is an appeal following a conviction on two counts of aggravated robbery and one count of attempted aggravated sexual assault. Appellant now brings three points of error all of which are related to the pre-trial action of transferring the case from juvenile court to the criminal district court. Finding no cause to disturb the judgment, we affirm.

On September 5, 1985, the state filed a petition in juvenile court alleging criminal conduct against the appellant. On September 18, 1985, following an adjudication of delinquency, appellant was sentenced to one year on probation. However, on November 27, 1985, the state filed a Motion For Immediate Custody in the juvenile court alleging "commission of a felony offense." By December 6, 1985, the state had filed a petition with the juvenile court for waiver of jurisdiction and discretionary transfer to the district court. In its petition the state alleged two counts of aggravated robbery, one count of attempted aggravated sexual assault and one count of felony theft. Following a hearing, the ju-

venile court signed an order on February 6, 1986, waiving jurisdiction and transferring the cause to criminal district court. Notably, the order expressly set forth the attempted aggravated sexual assault and aggravated robbery charges but was silent concerning the felony theft count.

Appellant alleges by his first point that the criminal district court never acquired jurisdiction over him because the juvenile court's order waiving jurisdiction was void. Here, the appellant cites Texas Family Code Annotated section 54.02(a), (g) (Vernon 1986) which provides that:

(a) The juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings ...

.    .    .    .    .

(g) If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge as evidenced by anything in the record of the proceedings.

Appellant argues that this provision applies in this case because the juvenile court's omission of the felony theft count in its order of transfer resulted in that court retaining jurisdiction of all the charges which were included in the state's original petition. For this point appellant cites to *Stanley v. State*, 687 S.W.2d 413 (Tex.App.—Houston [14th Dist.] 1985, no pet.), for our holding that:

once the juvenile court retains jurisdiction as to any count alleged in the certification petition, the child's status is fixed as to all offenses alleged in the petition and thus the child is not subject to criminal prosecution as an adult for any offense alleged in the petition. 687 S.W.2d at 414.

In accordance with our holding in *Richardson v. State*, 728 S.W.2d 128 (Tex.App.—Houston [14th Dist.] 1987, pet. granted), we affirm *Stanley* and distinguish it from the case at bar on the facts. In *Richardson* as well as in the case before us, the

appellants both appealed after their conviction in criminal district court and both asserted error from the certification hearing. However, in *Stanley*, the appeal was directly from the certification hearing. Consequently, the transfer order which was appealed from in *Stanley* was properly vacated because the juvenile court had retained jurisdiction over one offense *without* dismissing it. Here lies the crucial distinguishing fact between *Stanley* and *Richardson*. Because the appellant did not directly appeal from the certification order in *Richardson*, we found the transfer order utilized by the juvenile court which transferred some, but not all of the charges alleged in the state's petition was voidable when entered. This meant that the certification order was effective to transfer jurisdiction, because it was *not* a *void* order, but as a "voidable" order it was subject to challenge until the remaining offenses not transferred in the order were dismissed by the juvenile court.

This was the crux of the holding in *Richardson* which found that once the juvenile court retains and *exercises* jurisdiction over one of the offenses alleged in the petition, the child's status is fixed as a juvenile for all of the counts which are alleged. However, this Court also held that where exercise of that jurisdiction does not appear of record, it will be presumed that jurisdiction was not exercised by the juvenile court and that the offense over which jurisdiction was retained was subsequently dismissed. Here, the state filed a motion to dismiss the cause of action, which motion was granted on February 20, 1986. As a result jurisdiction properly passed to the district court and was *not* thereafter subject to attack at any subsequent time. We find that the order passed jurisdiction to the district court and is not now appealable. Appellant's first point is overruled.

■ By his second point appellant asserts that since the petition for waiver and transfer of jurisdiction filed by the state contained the same cause number as the earlier cause in juvenile court in which appellant was placed on one year probation, the petition was in fact a motion to modify disposition. According to the appellant, it follows that since a motion to modify disposition is governed by section 54.05 of the Family Code and since that section does not provide for a juvenile court to waive jurisdiction, the juvenile court therefore acted without any authority to transfer jurisdiction to the district court. Thus, the alleged result is that the district court never acquired jurisdiction over appellant and the three charges.

Initially, we note that appellant has cited no authority for this argument. Furthermore, as the state points out, the appellant did not make this argument until well after the juvenile court had waived and transferred jurisdiction. Moreover, when appellant did raise this argument before the district court the brunt of his complaint was that he had received insufficient notice by the state's petition of what he would be forced to defend against. We find this point meritless. The state's petition provided a clear heading which read: "Original Petition For Waiver of Jurisdiction and Discretionary Transfer to District Court." Appellant's second point is overruled.

■ Appellant's third and final point of error claims that the district court never acquired jurisdiction over the three charges because the state filed its motion to dismiss the cause of action before the order waiving jurisdiction became final. Appellant's argument, once again absent of any authority, is that the juvenile court only *signed* the order on February 6, 1986, for waiver and transfer of jurisdiction and that pursuant to Tex.R.Civ.P. 329b(d) "the trial court ... has plenary power to ... vacate ... the judgment within 30 days after the judgment is signed." Appellant concludes that because the court signed the order to dismiss the entire cause on February 20, some 14 days after the waiver, the juvenile court effectively vacated the waiver and transfer. We find this contention without merit. Appellant also appears to incorporate some of the same reasoning he used from his second point to his third point. In this third point he implies the court erred in allowing the state to file the petition and motion under the same cause

number as the September delinquency proceeding. We do not agree. We note that the state provided an explanation for the same cause numbers appearing on all the documents; apparently this is a record keeping device in the district clerk's office. Once a juvenile is assigned a cause number, all matters are filed under that number. We overrule appellant's last point and affirm the judgment.