v.

The STATE of Texas, Appellee.

No. 05–88–00756–CV.

Court of Appeals of Texas,
Dallas.

Jan. 12, 1989.

Larry Doby Rayford, Dallas for appellant.

Kathleen A. Walsh, Dallas, for appellee.

Before HOWELL, McCLUNG and ROWE, JJ.

McCLUNG, Justice.

Appellant appeals an order in which the juvenile court waived exclusive jurisdiction and transferred the appellant to criminal district court for trial as an adult on one count of aggravated robbery and two counts of aggravated sexual assault, while retaining jurisdiction as to two counts of arson also included in the transfer order. Appellant also alleges that the trial court certified appellant to be tried as an adult on two offenses which were not a part of the State's petition for discretionary transfer and that this action on the part of the trial court is reversible error. We sustain both of appellant's points of error and accordingly vacate and remand.

On March 3, 1988, the State filed a motion for discretionary transfer alleging that the appellant committed one count of robbery, two counts of aggravated sexual assault and two counts of arson and requesting the court to waive its exclusive jurisdiction and transfer appellant to Criminal District Court for trial as an adult. After completion of a diagnostic study, social evaluation, and investigation, the juvenile court conducted a hearing and granted the State's motion as to the aggravated robbery and aggravated sexual assault counts, thus waiving jurisdiction and transferring appellant to criminal district court; but the juvenile court retained jurisdiction as to the arson counts because the court found no probable cause to believe that appellant committed the alleged acts of arson as alleged by the State.

The Texas Family Code provides, in pertinent part: "If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition...." TEX.FAM. CODE ANN. § 54.02(g) (Vernon 1975). The Family Code further provides that "if the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and shall transfer the child to the appropriate court for criminal proceedings." TEX.FAM.CODE ANN. § 54.02(h) (Vernon Supp.1989).

We find the facts in this case to be indistinguishable from *Stanley v. State*, 687 S.W.2d 413 (Tex.App.—Houston [14th Dist.] 1985, no writ), in which the Court of Appeals held that:

> ... the statute's language is clear and unambiguous and as such does not require an examination of legislative intent. We hold that once the juvenile court retains jurisdiction as to any count alleged in the certification petition, the child's status is fixed as to all offenses alleged in the petition and thus the child is not subject to criminal prosecution as an adult for any offense alleged in the petition.

*Stanley*, however, should be read in the light of two subsequent opinions: *Richardson v. State*, 728 S.W.2d 128 (Tex.App.—Houston [14th Dist.] 1987, pet. granted) and *Mason v. State*, 746 S.W.2d 13 (Tex.App.—Houston [14th Dist.] 1988, n.p.h.). Standing alone, *Richardson* seems to directly conflict with *Stanley* in ruling that a trial court may still exercise its discretion in waiving jurisdiction as to any alleged offenses and in refusing to waive jurisdiction as to any other alleged offenses. *Richardson*, 728 S.W.2d at 130. This apparent conflict is explained in *Mason* where the Houston court of appeals explains that the crucial distinguishing fact between *Stanley* and *Richardson* is that in *Richardson* the appellant did not appeal *directly from a certification order*, whereas in *Stanley* the appeal was directly from a certification hearing. Consequently, the court held in *Mason*, the transfer order which was appealed from in *Stanley* was properly vacated because the juvenile court had retained jurisdiction over one offense without dismissing it. *Mason*, 746 S.W.2d at 15.

 Certification orders such as this one which attempt to retain jurisdiction over

some counts while transferring others are not *void* orders; they are merely *voidable*, subject to challenge until the remaining offenses not transferred in the order are dismissed by the juvenile court. In *Mason* the State filed a motion to dismiss the cause of action in the juvenile court and this motion was granted. We find this point to be important. It is axiomatic that the court may not dismiss a criminal action without consent of the State. Consequently, because the record does not disclose that the State has filed a motion to dismiss, we must assume that the juvenile court has continued to retain its exclusive jurisdiction on these cases and that they are still pending in juvenile court. To the extent that *Richardson* may be construed to hold otherwise, we decline to follow *Richardson* on this point. Appellant's first point of error is sustained.

Appellant also raises a valid point in his second point of error. The Motion for Discretionary Transfer alleges Penal Code violations of section 29.02 (Robbery), two violations of section 22.011 (Sexual Assault), and two violations of section 28.02 (Arson). The transfer order however, certified appellant for trial as an adult for the offenses of *aggravated* robbery and two counts of *aggravated* sexual assault. Due process does not require that langauge used in certification proceedings be as certain as that required to set out the offense in an indictment. It is enough in certification proceedings that conduct be defined as criminal so as to subject the offender to process of juvenile proceedings to trial and punishment as adult. *Matter of Edwards*, 644 S.W.2d 815 (Tex.App.—Corpus Christi, 1982, writ ref'd n.r.e.). It is a different case where the trial court specifically sets out the offenses for which the juvenile is to be certified. The trial court certified the appellant for "each of the offenses in the State's Motion for Discretionary Transfer," but then set out the aggravated forms of each of these offenses which is inconsistent with the State's pleading. Further, the findings of fact and conclusions of law expressly deny certification for the two arson offenses. These three documents are inconsistent; in fact, they directly contradict each other. When the trial court undertakes to be so specific in its rulings, we hold that it must act in a consistent fashion.

Appellant's two points of error are sustained. The order of the juvenile court is vacated and this cause remanded for further proceedings.

ROWE, J., concurs and files an opinion.

ROWE, Justice, concurring.

I concur that the trial court's order must be vacated because of those inconsistencies in the underlying documents noted in that portion of the majority's opinion sustaining appellant's second point of error. This error being sufficient for remand, I reserve to another day a consideration of appellant's first point of error.