**Kenneth RICHARDSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0485–87.**

Court of Criminal Appeals of Texas, En Banc.

April 19, 1989.

Rehearing Denied May 24, 1989.

Kenneth P. Mingledorff, on appeal only, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft and Carl Hobbs, Asst. Attys. Gen., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted by a jury of the offense of aggravated robbery. V.T.C.A., Penal Code § 29.03. The jury assessed punishment at 75 years confinement in the Texas Department of Corrections. Appellant was sixteen years old at the time of the offense and was certified to be tried as

an adult by the 314th District Court of Harris County. In a published opinion [1] the Court of Appeals found no error and affirmed appellant's conviction holding *inter alia,* that mere retention of juvenile jurisdiction over one offense in a multi-count pleading will not void the district court's jurisdiction. The court reasoned it is the *exercise* of the juvenile court's jurisdiction over the retained offense that renders the order waiving jurisdiction invalid, if this exercise of jurisdiction appears of record. Since no such exercise of retained jurisdiction appears of record in appellant's case, the Court of Appeals affirmed appellant's conviction.

In two grounds for review, appellant asserts that the Court of Appeals erred in upholding the constitutionality of Art. 37.-07, § 4, V.A.C.C.P., and erred in its holding that the criminal district court had jurisdiction over appellant. We will reverse the Court of Appeals and remand to the juvenile court.

A brief recitation of the procedural history in this case is necessary for disposition of appellant's first grounds for review. In his first grounds for review, appellant asserts the Court of Appeals erred in finding that a juvenile court may both retain and waive jurisdiction over a juvenile when faced with evidence of multiple offenses. The State filed a petition in the 314th District Court, Harris County, alleging appellant committed four acts of delinquent conduct:

(1) attempted capital murder of Gerald Lloyd Hudson (Hudson),

(2) aggravated robbery of Sherry Norris (Norris),

(3) aggravated robbery of Hudson,

(4) unauthorized use of a motor vehicle owned by Norris.

Because of appellant's age, the State filed a motion to waive jurisdiction as to each of these offenses and requested a transfer of jurisdiction to a criminal district court to try appellant as an adult. After a hearing on the State's motion, the trial judge entered an order waiving jurisdiction as to the following offenses: attempted capital murder of Hudson; aggravated robbery of Hudson; and unauthorized use of a motor vehicle owned by Norris. The trial judge retained jurisdiction over the remaining alleged offense in the multi-count pleading: the offense of aggravated robbery of Norris. Appellant was subsequently indicted for the attempted capital murder and aggravated robbery of Hudson. He was ultimately tried and convicted for the aggravated robbery and it is this conviction from which he appealed.

In the instant case, the Court of Appeals purported to clarify their holding in *Stanley v. State,* 687 S.W.2d 413 (Tex.App.—Houston [14th Dist.] 1985, no writ). In that case the Court of Appeals held:

[O]nce the juvenile court retains jurisdiction as to any count alleged in the certification petition, the child's status is fixed as to all offenses alleged in the petition and thus the child is not subject to criminal prosecution as an adult for any offense alleged in the petition.

*Id.* at 414.

In that same case, this Court subsequently held on collateral review that the district court never acquired jurisdiction over the applicant since there was not a valid waiver of jurisdiction. We vacated the applicant's conviction in the district court and remanded the cause to the court with juvenile jurisdiction.[2] *Ex parte Stanley,* 703 S.W.2d 686 (Tex.Cr.App.1986).

In the instant case the Court of Appeals held:

We hold that when a motion or petition to waive jurisdiction alleges multiple offenses, Section 54.02(g) of the Family Code requires that the child's status be

---

1. *Richardson v. State,* 728 S.W.2d 128 (Tex.App.—Houston [14th Dist.] 1987).

2. We note that the appeal in *Stanley* concerned the certification order, and relief was sought in this Court through application for writ of habeas corpus. In the instant case, appellant is appealing his conviction from the district court.

This is a difference without a distinction. The issue before us is the lower court's "clarification" of *Stanley v. State,* 687 S.W.2d 413 (Tex.App.—Houston [14th Dist.] 1985) which was implicitly approved by this Court in *Ex Parte Stanley,* 703 S.W.2d 686 (Tex.Cr.App.1986).

fixed as a juvenile to all offenses alleged in the petition once the juvenile court retains *and exercises* jurisdiction over any count alleged in the certification petition. (emphasis added)

*Richardson v. State,* supra, at 130.

The lower court continued to "clarify" its opinion in the *Stanley* case by explaining:

> Where the exercise of the trial court's retained jurisdiction does not appear of record, we presume that said jurisdiction was not exercised and that the offense over which jurisdiction was retained, was subsequently dismissed by the trial court.

*Id.*

 We granted appellant's petition for discretionary review to examine the appeals court decision. We find that the lower court has misconstrued *Ex Parte Stanley,* supra, and § 54.02(g) of the Texas Family Code.

Section 54.02(g) of the Texas Family Code provides:

> If the juvenile court retains jurisdiction, the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile court judge and evidenced by anything in the record of the proceedings.

The dissenting opinion in the instant case by Chief Justice J. Curtis Brown very succinctly states the error in the majority opinion's analysis. He explains:

> The majority attempts to make the distinction that the juvenile court may make a partial transfer as long as the juvenile court exercises no further jurisdiction as to any offense that it retained. Either the juvenile court transfers jurisdiction or it does not. *The majority's holding would reach the anomalous result of the transfer being valid at the time of the transfer and then becoming invalid at a later time if the juvenile court later exercised jurisdiction over any of the retained offenses.* If the juvenile

court has transferred jurisdiction, how can it still affect the district court's jurisdiction over the offense? (emphasis added)

*Richardson,* supra, at 133.

We agree with the dissenting opinion. Section 54.02(g), supra, controls this situation. We construed this section in Ex Parte Stanley, supra, and implicitly agreed with the Court of Appeals that the juvenile court could not both retain jurisdiction over one count and waive jurisdiction as to the others. That implicit finding is made express in our opinion today.

 We hold that when a motion or petition to waive jurisdiction alleges multiple offenses, the juvenile court must either waive or retain jurisdiction as to all offenses alleged, at one time.[3] Absent a complete waiver, the juvenile court retains jurisdiction over all offenses alleged in the petition. The district court does not obtain jurisdiction over any offense alleged in the petition. Appellant's first ground for review is sustained.

In his second ground for review, appellant alleges that Art. 37.07, § 4, V.A.C.C.P. is unconstitutional, and that the Court of Appeals erred when it held to the contrary. Since the time of appellant's appeal to the Court of Appeals, we have held this article unconstitutional. *Rose v. State,* 752 S.W. 2d 529 (Tex.Cr.App.1988). Appellant's second ground for review is sustained.

The judgment of the Court of Appeals is reversed. Appellant's conviction in Cause No. 417924 from the 209th District Court is vacated and the cause is remanded to the juvenile court.

McCORMICK, P.J., concurs in the result.

WHITE, J., dissents.

---

**3.** We are not changing the state of the law regarding certification of offenses committed at a *later* time by the juvenile. *See* § 54.02 of the Texas Family Code; *Ex Parte Allen,* 618 S.W.2d 357 (Tex.Cr.App.1981).