**Ronnie James MASON, Appellant,**

v..

**The STATE of Texas, Appellee.**

**Nos. B14–86–00890–CR to
B14–86–00892–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 24, 1989.

Gerald A. Burks, Galveston, for appellant.

Jim Baggett, Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

OPINION ON REMAND

MURPHY, Justice.

This appeal follows appellant's convictions of two counts of aggravated robbery and one count of attempted aggravated sexual assault. On original submission, appellant raised three points of error challenging transfer of his case from juvenile to district court. We overruled appellant's challenges to the jurisdiction of the district court and affirmed the judgment. *Mason v. State*, 746 S.W.2d 13 (Tex.App.—Houston [14th Dist.] 1988). On appellant's petition for discretionary review, the court of criminal appeals remanded the case to this court with instructions to reevaluate our decision in light of *Richardson v. State*, 770 S.W.2d 797 (Tex.Crim.App.1989). We reverse the judgments of the district court and remand the causes to the juvenile court.

In his petition for discretionary review before the court of criminal appeals, appellant raised the same issue he argued in his point of error to this court: the district court never acquired jurisdiction over his case because he was a juvenile at the time he committed the offense and because the juvenile court retained jurisdiction over another offense arising out of the same transaction.

The record shows that on December 6, 1985, the State filed a petition with the juvenile court for waiver of jurisdiction and discretionary transfer to the district court. The State's petition requested transfer for the following offenses: two counts of aggravated robbery; one count of attempted aggravated sexual assault; and one count of felony theft. By an order signed Febru-

ary 6, 1986, the juvenile court transferred both aggravated robbery counts and the attempted aggravated sexual assault count to the district court. The order did not encompass the felony theft count.

*Richardson* holds that the juvenile court must expressly dispose of each offense alleged when the State requests transfer of multiple offenses. *Richardson*, 770 S.W.2d at 799. Because the juvenile court's transfer in this case made no mention of the felony theft offense alleged in the State's petition for transfer, the juvenile court retained jurisdiction over *all* offenses alleged in the petition pursuant to TEX.FAM.CODE ANN. § 54.02(g) (Vernon 1966). *Richardson*, at 799.

We therefore reverse the judgments of the trial court and remand appellant's causes to the juvenile court.