**In the Matter of DeWayne LeKeith JOSEPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–92–01192–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 7, 1993.

Rehearing Denied Oct. 28, 1993.

Gerald A. Burks, Galveston, for appellant.

Michael J. Guarino, Denise V. Wilkerson, Galveston, for appellee.

Before DUGGAN, DUNN and ANDELL, JJ.

**OPINION**

DUGGAN, Justice.

This is an appeal from the order of a juvenile court waiving its exclusive jurisdic-

tion and transferring a 15–year–old juvenile to criminal district court for prosecution as an adult. TEX.FAM.CODE ANN. § 56.01(e) (Vernon 1975). Appellant urges a single point of error. We affirm.

Appellant, DeWayne LeKeith Joseph, was taken into custody for three offenses: two aggravated robberies and one unauthorized use of a motor vehicle (UUMV), all of which he was alleged to have committed in Galveston County on or about August 5, 1992, when he was 15 years old. The State filed a motion requesting a 10–day detention order, alleging the two counts of aggravated robbery and one offense of UUMV; the court granted the motion and ordered appellant confined in the Galveston County Youth Services Center.

The State filed in the juvenile court its petition for waiver of jurisdiction and discretionary transfer to the district court, alleging that appellant committed a *single* offense, the first-degree felony offense of aggravated robbery of Terry Wheeler in Galveston County on August 5, 1992, by using a handgun. The petition made no reference to a second aggravated robbery or the UUMV. However, the record before the trial court at the waiver and transfer hearing contained a motion for detention, a social history report, and a psychiatric evaluation, each of which mentioned all three offenses. The trial court granted the State's petition, waived jurisdiction, and ordered appellant transferred to the criminal district court for criminal proceedings on the one aggravated robbery charge.

In a single point of error, appellant asserts that "the juvenile [court's] jurisdiction was not completely waived because the juvenile court retained jurisdiction over other allegations which were before the juvenile court." Appellant's point of error appears to make one of two assumptions: (1) the juvenile court intended to retain jurisdiction over the second aggravated robbery and the UUMV; or (2) a waiver of jurisdiction is incomplete or defective if it does not list and waive jurisdiction over all offenses for which the juvenile could be charged.

Appellant bases his argument on TEX.FAM. CODE ANN. § 54.02(g) (Vernon 1975), read together with *Richardson v. State*, 770 S.W.2d 797 (Tex.Crim.App.1989). Section 54.02(g) of the Texas Family Code provides:

*If the juvenile court retains jurisdiction,* the child is not subject to criminal prosecution at any time for any offense alleged in the petition or for any offense within the knowledge of the juvenile judge as evidenced by anything in the record of the proceedings.

(Emphasis added.)

In *Richardson,* the court explicitly construed section 54.02(g) to mean "that the juvenile court could not both retain jurisdiction over one count and waive jurisdiction as to the others." 770 S.W.2d at 799.

Appellant argues that the prohibition against retaining jurisdiction over some offenses while waiving jurisdiction of other offenses, as set out in section 54.02(g) and *Richardson,* "applies to the situation where the offense is not alleged in the petition but is within the knowledge of the juvenile court." Stated otherwise, appellant's argument is that: (1) *references* to other offenses in the evidence and instruments before the juvenile judge at the waiver hearing are equivalent to allegations of those offenses; and (2) nothing in the record purports to waive jurisdiction of the offenses thus alleged by reference.

Appellant cites no authority to support this argument. In fact, TEX.FAM.CODE ANN. § 53.04 (Vernon 1975) specifically provides the contrary. We reject appellant's contention. Section 53.04(d)(1) requires, before the juvenile court can proceed either to an adjudication of delinquency or transfer, that a petition must state "with reasonable particularity, the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by acts." In short, an offense not clearly set out in the petition is not within the juvenile court's jurisdiction for action.

The State's petition clearly set out a *single* offense, the first degree felony offense of aggravated robbery of Terry Wheeler in Galveston County on August 5, 1992, by using a handgun. It was this single offense that was within the juvenile court's jurisdiction. No

order or ruling in the record indicates that the juvenile court retained jurisdiction of appellant for any offenses in the juvenile court. To the contrary, the record of the proceedings indicates that the juvenile judge completely waived jurisdiction over appellant. The State's original petition for waiver, the juvenile judge's oral pronouncement at the conclusion of the hearing, and the juvenile court's written "Waiver of Jurisdiction and Order of Transfer to Criminal Court" all refer to a single aggravated robbery offense against Terry Wheeler on or about August 5, 1992. No part of any order purports to divide jurisdiction between the juvenile court and the criminal district court, a prohibited procedure. *Richardson*, 770 S.W.2d at 799.

We overrule appellant's point of error and affirm the judgment of the juvenile court.