82,978 01

JOSE J. REYES
TDC No. 821821
McConnel Unit
3001 S. Emily Dr.
Beeville, Texas 78102

March 2, 2015

Mr. Abel Acosta, Clerk
COURT OF CRIMINAL APPEALS
P. O. Box 12308
Capitol Saation
Austin, Texas 78711

RE: Cause No. 752079-A(Count 2)
    Writ Of Mandamus

Dear Mr. Acosta, Clerk:


    Enclosed please find Relator's Original copy of his
Writ of Mandmaus.

    Thank you for your time and consideration in this
matter.

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 06 2015

Abel Acosta, Clerk

Sincerely,


JOSE J. REYES

files

CAUSE NO. 752079-A(Count 2)

IN THE COURT OF CRIMINAL APPEALS
AUSTIN TEXAS

_____

JOSE J. REYES
                              Relator,

VS.

THE 283th JUDICIAL DISTRICT COURT
OF HARRIS COUNTY, TEXAS

                              Respondent,

_____

APPLICATION FOR WRIT OF MANDAUMS,
PURSUANT TO RULE 52.8(c), TEX. RULE APPELLATE PROCEDURE,
DIRECTING THE 283th JUDICIAL DISTRICT COURT TO PROCESS RELATOR'S
APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO V.A.C.C.P., ART. 11.07

_____

TO THE HONORABLE JUDGES OF SAID APPEAL COURT:

COMES NOW, **JOSE J. REYES, TDC No.** 821821, Relator,

and files this his Application for Writ of Mandmaus re-

questing this court to direct the 283th Judicial District

Court of Harris County, Texas, to process his application

for writ of Habeas Corpus pursuant to V.A.C.C.P., art. 11.07

in the above number and cause, presently pending before

the Respondent. In support thereof, Relator will show the

following:

-1-

## I.

## JURISDICTION

This court has jurisdiction to issue a "Writ of Mandamus in this case pursuant to article 5 § V of the Texas Constitution, <u>Landford v. Fourteenth Court of Appeals</u>, 847 S.W. 581 (Tex. Cir. 1993). Moreover, purpose of (1978) Amendment to provision of Texas Constitution governing power of Court of Criminal appeals to issue extrraordinary writs; was to confer upon the Court of Criminal Appeals additional power to grant extraordinary writs in cases regarding "Criminal matters." Vernon's Ann. Const., Art. § § V., <u>State ExRel. Vance v. Routt</u>, 571 S.W. 2d. 903 (Tex. Crim. App. 1978).

## II.

## STATEMENT OF THE CASE

Upon receipt of an application for writ of Habeas Corpus challenging a final felony conviction, the attorney representing the State has (15) days to respond. See, Tex. Code Crim. Proc., Art. 11.07, § (b). After the expiration of the time allowed for the State to respond, the trial court is allowed (20) days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. Art. 11.07, § 3(c). If the trial court determine that the application for writ of Habeas Corpus presents such issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating

-2-

*issues of fact to resolved.* Id. Thus, the trial court has (35) days to enter an order designating issue after the filing date of an 11.07 application for writ of Habeas Corpus. Article 11.07 does not authorize the trial court to <u>extend the time limitation imposed by the statute</u>, other than by a "timely" entry of an order designating issues. <u>McCree v. Hampton</u>, 824 S.W. 2d. 578, 579 (Tex. Crim. App. 1992)(emphasis added). Without a timely entry of an order designating issue, article 11.07 imposed a duty upon the clerk of the trial court to immediately transmit to this court the record from the application for a writ of Habeas Corpus, deeming the trial court's inaction a finding that no issue of fact require further resolution. Article 11.07 § 3(c).

In this case, In November 2014, Relator filed his writ of habeas corpus in the trial court. On December 12, 2014, the Court filed a Affidavit of JUDITH JOHNSON dated December 10, 2014. On January 5, 2015 the State filed their State's Proposed Findings of fact, Conclusion of law, and Order. **On January 15, 2015, Relator filed his Objection to State's Proposed Finding of fact, conclusion of law and Order. In Relator's objection, he clearly showed the court that they cannot finds, based on the credible affidavit of Johnson, that due to the Relator being convicted to of the two aforementioned offense he was not entitled to a Preliminary Hearing as provided by Tex. Gov't Code § 508.2811, BECAUSE HE DID NOT SIGN A WAIVED. "See, Tex. Gov't Code § 508.2811, which**

-3-

*clearly states that a Parole Panel or a designee of the Board shall provide within a <u>reasonable time to an inmate or person described by section 508.281(a)</u>, a <u>Preliminary Hearing to determine whether probable cause or reasonable grounds exist to believe that the time or person has committed an act that would constitute a violation of a condition of release</u>, "UNLESS" the inmate person committed the following:*

*a) Waives the preliminary Hearing*

*b) ..........*

*Relator never signed a waived, waives his Preliminary Hearing. See, <u>Morrissey v. Brewer</u>, 408 U.S. 471, 484 (1972).*

*The "State's Propsed Findings of Fact, Conclusion of law, and Order was filed on January 5, 2015." It being over (35) days after the filing of the "STate's Propsed Finds of Facts Conclusion and Order.*

*On February 23, 2015, Relator wrote a letter of delay to the Court explaining to the Court if they selects addition time but failed to notify the Court of Criminal Appeals and enquiry is made to the Court without mention of the previously entered order designating issue a "delay Writ leter" may well be sent to the trial court. SEE EXHIBIT "A" ATTACHED.*

-4-

These untimely orders interferred with the District Clerk's
duty to transmit these writ to this Court and are therefore
without effect. See, _Martin v. Hamlin_, 25 S.W. 3d. 718 (Tex.
Crim. App. 2000). The District Clerk has no authority to
continue to hold Relator's application for writ of Habeas
corupus, and is under a ministerial duty to immediately
forward the application and related reocrd in the above
number and cause to the Court of Criminal Appeals, and the
record. See, _Dejean v.District Clerk, Dallas County_, 259
S.W. 2d. 183 (Tex.Crim. 2008).

Relator alleges that the Respondeet has a clear "ministerial
duty" prescribed by V.A.C.C.P., article 11.07, to make a
finding of fact, conclusion of law, and recommendation
on his writ within a reasonable period of time and forward
the same to this court. See, _Dejean_, supra.

### III.
### BRIEF IN SUPPORT

_Act_ is ministerial for purpose of request for writ
Mandmaus, if it constitute duty clearly fixed and required
by law, without exercise of discretion or judgment. _Engle
v. Locker_, 820 S.W. @B. 47 (1991); _Curry v. Gray_ , 728 S.W.
2d. 128 (Tex. Crim. App. 1997).While it is the general rule
that a mandamus will not be issue to control the action
of an inferrior court or Public Officer in a matter in-
volving discretion. HOwever, the writ may issue "in a proper
case" to correct a clear abuse of discretion." See, _Crane
v. Turnks_, 160 Tex. 182, 328 S.W. 2d. 434, 440 (1959).

The Supreme Court has recognized that adaption of this exception is particularly important "*where the remedy by way of appeal is inadequate*". _West v. Solitos_, 563 S.W. 2d 240, 244 (Tex. 1978). In re-iterating this standard, in _Johnson v. Fourth Court of Appeals_, 700 S.W. 2d. 916, 917 (Tex. 1985). The Supreme Court stated, "*Mandamus issues only to correct clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. Id. at 917.*

IV.

ABUSE OF DISCRETION

The Relator further **contends** the Respondent's failure to apply the law with respect to article 11.07, V.A.C.C.P., has constituted a clear abuse of discretion; when article 11.07, explicitly enumerate that the Respondent process Relator's Habeas Corpus action within specified time limit- ation and forward the application to this court. In view thereof, the Respondent has but one choice, and it is the duty prescribe by article 11.07, the failue to perform this duty constitutes a clear and prejudicial abuse of the Respondent duty fixed by law. Consequently, Relator's right of access to the courts; and to be heard on his Habeas Corpus action; has quite stringently been impaired by the action of the Respondent.

-6-

Therefore, WRit of Mandamus will issue when under the circumstances, law and facts permit trial court to make but one decision and it refuses to make that decision. *Proffer v. Yates*, 734 S.W. 2d. 671, 673 (Tex. Cir. 1987).

In, *Walker v. Packey*, 827 S.W. 2d. 833 (Tex. 1992). The Supreme Court stated: **"trial court clearly abuses it's discretion, for purposes of mandamus, with respect to resolution of factual issues or matters committed to trial court's discretion, only if trial court could reasonably have reached only one decision."** *Id.* Also see, *State v. Walker*, 679 S.W. 2d. 484 (Tex. Cir. 1984)(Mandamus will lie to correct an action of trial judge who commits abuse of discretion, or violation of clear duty under law and when there is no other adequate remedy at law") *Ayres v. Canoles*, 790 S.W. 2d. 54 (Tex. 1990)("Writ of Mandamus will issue to correct trial court actions when there has been clear abuse of discretion particularly where remedy by law of appeal is inadequate. ")

*V.*

APPEAL IS NOT AN ADEQUATE REMEDY

The Relator contends that the issue of the trial court to apply the dictates of V.A.C.C.P., Article 11.07, is not an appealable issue.

## VI.

### PRAYER OF RELATOR

WHEREFORE, Premises considered the Relator, prays that this court issue an order directing the Respondent to forward their recommendations, finding of facts and conclusion of law, and forward the same to this within thirty (30) days.

Respectfully Submitted,

JOSE J. REYES
TDC No. 821821
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

Dated: March 2, 2015

### CERTIFICATE OF SERVICE

I, JOSE J. REYES, TDC No. 821821, certify that a true and correct copy of the foregoing application for Writ of Mandamus has been served by placing same in the United States mail on this 2 day of March , 2015, addressed to:

District Clerk
Harris County, Texas
P. O. Box 4651
Houston, Texas 77210-4651

JOSE J. REYES

-8-

23 February 2015

Jose J. Reyes
TDC No. 821821
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102

Mr. Abel Acosta, Clerk
Court of Criminal Appeals
P. O. Box 12308, Capitol St.
Austin, Texas 78711

Re: Cause No. 752079-A(Count 2)
   ExParte Reyes
   Deay Writ etter

Dear Mr. Acosta, Appeal Clerk:

   On January 5, 2015, the State's Proposed Findings of fact, conclusions of law and order was filed with the court. In that same Motion, the State claimed the motion was sent to the Court of Criminal Appeal.

   Here it is February 23, 2015, and I haven't received a "White Card" from the Court of Criminal Appeal informing me that the writ was now pending in that court.

   I understand to gain some time the court entered order extending the statutory time limits a practice condemned in McCree v. Hampton, 824 S.W. 2d. 578 (Tex. Cr. App. 1992). However, that case set out a method whereby the trial court can either on motion of the State or its own initiative, gain more time to investigate the allegations raised within a writ application.

   If the trial court selects this option but <u>fails to notify the Court of Criminal Appeals</u> and enquiry is made to the Court without mention of the previously entered order designating issue a "delayed writ letter" may well be sent to the trial court with copies to the District clerk and district attorney enquiring into the alleged delay.

   I hereby request that you conduct a investigation into these matters and order the files to those findings and transmit them along with the writ transcript to the Clerk of the Court of Criminal Appeals as required by law.

-1-

Sincerely,

JOSE J. REYES
TDC No. 821821
McConnell Unit
3001 S. Emily Dr.
Beeville, Texas 78102


files

cc.: Mr. Chris Daniel
     District Clerk
     Harris County District Clerk
     1201 Franklin
P. O. Box 4651
     Houston, Texas 77210-4651

-2-