

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00266-CR

_____

TOMMIE COLEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court
Delta County, Texas
Trial Court No. 2019-085

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Tommie Coleman appeals his conviction for the Class B misdemeanor offense of disorderly conduct.[1]  Coleman filed a notice of appeal but has not filed a brief.[2]  For that reason, we review the trial proceedings for fundamental error.  Finding no fundamental error, we affirm the trial court's judgment.

## I.  Background

Coleman was charged by information with disorderly conduct for displaying a firearm in a public place in a manner calculated to alarm.  Coleman moved for a court reporter to record his trial before the trial court.  None was available, though, and Coleman apparently agreed to proceed by having the trial recorded on law enforcement officer body cameras.  We infer this because the first recording of the trial begins with Coleman's trial counsel agreeing to begin recording at the point where apparently the trial court noticed the body camera had not been recording and the trial court remedied that situation.  And in a letter to this Court, the trial court said that, in the absence of a court reporter, Coleman did not object to proceeding with body cameras to record the trial.

Most of the trial was recorded.  The beginning of the State's first witness—a Delta County deputy—was not recorded.  Even so, the deputy's recorded testimony covered the events

---

[1]*See* TEX. PENAL CODE ANN. § 42.01(a)(8).

[2]Coleman filed a document that he styled "Appellant[']s Brief."  Some references in that document quote or refer to the Texas Rules of Appellate Procedure's requirements for an appellant's brief.  Coleman also makes general references to and complaints about the state of the evidence.  Yet, despite this Court's detailed correspondence directing Coleman to Rule 38.1 of the Texas Rules of Appellate Procedure, Coleman did not present a brief suitable to satisfy the requirements.

that led to the allegation that Coleman displayed a firearm "in a public place in a manner calculated to alarm." TEX. PENAL CODE ANN. § 42.01(a)(8).

Complainant George Brown's testimony was recorded in full. Brown testified that, while he was helping move belongings out of his mother's house, Coleman approached him and asked what he was doing. Brown told Coleman it was none of his business, at which time Coleman reportedly threatened him with a pistol.

A third witness, who was also a Delta County deputy, testified that he saw Coleman sometime after that encounter. Coleman seemed agitated or angry and had a pistol with him. The second deputy also corroborated much of the first deputy's descriptions of their investigation of, contact with, and apprehension of Coleman.

Coleman testified that it was Brown, rather, who had threatened him. Coleman explained that he left the area, retrieved his pistol at home, and returned to the area only to retrieve lawn equipment he had left at the church. The church was across the street from the residence where the incident with Brown occurred.

After the bench trial, the trial court found Coleman guilty of disorderly conduct as alleged in the information. Coleman was sentenced to "confinement in the Delta County jail for [one] year [probated] and a fine of $0." Following Coleman's sentencing, his lawyer filed a motion to withdraw as counsel, which was granted by the trial court. Coleman, appearing pro se, filed a notice of appeal.[3]

---

[3]Coleman was indigent at trial. Upon receipt of this appeal, this Court abated the matter to the trial court to determine if Coleman was indigent and wished to continue his appeal. The trial court held a hearing, at which time it found that Coleman did not qualify for an appointed appellate attorney.

This Court sent Coleman a letter summarizing the requirements of Rule 38.1 of the Texas Rules of Appellate Procedure. In reply, Coleman sent two documents which generally quoted briefing requisites from the rule, summarized witness testimony, and then stated that the testimony was not true. Even so, the documents Coleman sent to this Court failed to satisfy the requisites of Rule 38.1 of the Texas Rule of Appellate Procedure. We, therefore, consider this appeal without a brief.

## II. Standard of Review

When a criminal appellant does not file a brief but has filed or indicated an intention to appeal, we review the record for fundamental error. *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994). The Texas Court of Criminal Appeals has described three categories of fundamental error. *See Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002). "One such class of fundamental errors has been recognized by the legislature. A statute permits our appellate courts to consider claims that an error in the [trial] court's charge to the jury, to which no objection was made, was so grave as to deny a defendant a fair trial." *Id.* at 887.[4] Also considered fundamental are "rights that are waivable-only includ[ing] the rights to the assistance of counsel and the right to trial by jury"[5] and the right for appointed counsel to have ten days to

---

[4]Here, the Texas Court of Criminal Appeals referred to Article 36.19 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 36.19; *see Sanchez v. State*, 209 S.W.3d 117, 125 (Tex. Crim. App. 2006).

[5]*Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).

4

prepare for trial.[6]  Finally, a third category of fundamental errors are "[a]bsolute, systemic requirements,"[7] such as

- jurisdiction over the defendant;[8]
- jurisdiction over the subject matter;[9]
- protection from being sentenced under a statute that violates the separation of powers;[10]
- Trial in a location other than the county seat;[11]
- Trial upon an *ex post facto* statute;[12] and
- comments by the trial court that "taint[] appellant's presumption of innocence in front of the venire."[13]

## III.    Analysis

We have reviewed the record on appeal and have found none of the fundamental errors recognized by statute or the courts.

---

[6]*Marin v. State*, 851 S.W.2d 275, 281 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997).

[7]*Saldano*, 70 S.W.3d at 888.

[8]*Ex parte Stanley*, 703 S.W.2d 686 (Tex. Crim. App. 1986) (per curiam) (orig. proceeding).

[9]*Garcia v. Dial*, 596 S.W.2d 524, 528 (Tex. Crim. App. [Panel Op.] 1980).

[10]*Rose v. State*, 752 S.W.2d 529, 535 (Tex. Crim. App. 1987), *abrogated on other grounds by Karenev v. State*, 281 S.W.3d 428 (Tex. Crim. App. 2009).

[11]*Stine v. State*, 908 S.W.2d 429, 431 (Tex. Crim. App. 1995).

[12]*Ieppert v. State*, 908 S.W.2d 217, 220 (Tex. Crim. App. 1995).

[13]*Blue v. State*, 41 S.W.3d 129, 132 (Tex. Crim. App. 2000).

## IV.    Conclusion

Finding no fundamental error in the record, we affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     October 19, 2020
Date Decided:       December 11, 2020

Do Not Publish